528 F.2d 934
 11 Fair Empl.Prac.Cas. 672,
10 Empl. Prac. Dec. P 10,443
Emmett J. STEBBINS, Appellant,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY OR COMPANIES, and Equal
Employment Opportunity Commission, Appellees.
 No. 74--1051.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Jan. 10, 1974.
Decided Oct. 16, 1975.
Certiorari Denied March 1, 1976.
See 96 S.Ct. 1417.
 
 Emmett J. Stebbins, appellant, pro se.
 Joseph M. Roulhac, Douglas G. Worrall and Smith, Somerville & Case, Baltimore, Md., for appellee Nationwide Mut. Ins. Co.
 Linda Colvard Dorian, Atty., Julia P. Cooper, Acting Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg and Charles L. Reischel, Attys., Washington, D.C., for appellee E.E.O.C.
 Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal involves an action instituted by appellant Stebbins alleging that Nationwide Mutual Insurance Company denied him employment on account of his race in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e--2. It was further alleged that Nationwide violated 42 U.S.C. § 2000e--3 by refusing to consider Stebbins for employment because he brought an earlier Title VII action against Nationwide. Stebbins also named the Equal Employment Opportunity Commission (EEOC) as a defendant, alleging fraud and aiding and abetting. The court below dismissed the complaint as to both defendants, but Stebbins has appealed only the dismissal of Nationwide. Because the dismissal rested in large part upon the doctrine of res judicata, it is necessary to give a detailed summary of earlier actions along with the facts constituting the alleged discrimination.[1]
 
 
 2
 On January 19, 1966, Stebbins applied to Nationwide's Tacoma Park, Maryland office for a position as a claims adjuster. His application was forwarded to the Annapolis office, which requested further information because the application was incomplete. On February 15, Stebbins filed a complaint with the EEOC alleging that a Mr. Sorrell had told him Nationwide does not hire blacks as claims adjusters. The matter was referred to the Maryland Commission on Internal Problems, which dismissed the complaint as unfounded on May 23, 1966. Stebbins brought an action in the federal courts, but subsequently abandoned the claim after being forced back to the EEOC to obtain a statutory Notice of Right to Sue. Stebbins v. Nationwide Mutual Insurance Co., 382 F.2d 267 (4th Cir. 1967), cert. denied, 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1967).
 
 
 3
 In March 1968 Stebbins mailed job inquiries to Nationwide's offices in Annapolis, Maryland, Tacoma Park, Maryland, and Falls Church, Virginia. As of May 13, 1968, Stebbins had received a reply from only the Falls Church office, so he filed a new complaint with the EEOC alleging that the Maryland offices had discriminated against him by not responding to his inquiries. On May 22, 1968 a Mr. Schmidt rejected Stebbins' application in a letter. Schmidt explained that Nationwide could not establish the necessary mutual confidence with a person who had sued the company all the way to a petition for certiorari in the Supreme Court.
 
 
 4
 On July 25, 1968 Stebbins received a 'suit letter' from the EEOC for his May 13 complaint. He waited, however, until October 31, 1969 to file suit in the Eastern District of Virginia. Civil Action No. 373--69--A (E.D.Va. Sept. 9, 1971). His complaint there alleged retaliation because of the Schmidt letter and continuous discrimination from 1966 when Mr. Sorrell allegedly made his discriminatory remark. Judge Lewis granted summary judgment for Stebbins on the retaliation claim and awarded nominal damages of $1.00. He nevertheless dismissed the continuing discrimination claim, holding that Stebbins was collaterally estopped to relitigate the question of his qualifications. The earlier litigation upon which Judge Lewis relied was Stebbins v. INA, Civil Action No. 2848--69 (D.C.D.C. June 14, 1970). There Judge Pratt found Stebbins was totally unqualified to be a claims adjuster. Although Judge Lewis based his decision on Judge Pratt's finding,[2] he commented in a footnote that he had taken evidence and would have made the same finding if he had been required to reach the issue. On appeal this court affirmed Judge Lewis' disposition on the grounds that Stebbins failed to file suit within the statutorily prescribed time period after receipt of Notice of Right to Sue. Seventeen months had elapsed, and Stebbins was intentionally disregarding procedural rules. Stebbins v. Nationwide, 469 F.2d 268 (4th Cir. 1972) cert. denied, 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973).
 
 
 5
 The EEOC issued Stebbins a new suit letter for his claim against Nationwide's Annapolis and Falls Church offices on March 13, 1973. With this letter in hand, Stebbins filed the present action in the District Court for Maryland on March 22, 1973. The district court held that this was the same claim litigated in the Eastern District of Virginia (Civil Action No. 373--69--A) and involved in our earlier appeal and, therefore, the doctrine of res judicata barred the present suit. The court reasoned that the doctrine of res judicata bars not only matters that were actually litigated but also those which could have been litigated. Moreover, it concluded that even if this court had erred in the earlier case, that error does not dispel the res judicata effect of the judgment.
 
 
 6
 The doctrine of res judicata traditionally applies only to those cases which have been fully litigated on their merits. 'The doctrine prevents an encore and 'reflects the refusal of law to tolerate needless litigation." 1B Moore, Federal Practice P0.405(1) at p. 628, quoting Angel v. Bullington, 330 U.S. 183, 192--93, 67 S.Ct. 657, 91 L.Ed. 832 (1947). The district court held, and Nationwide argues, that the litigation in the Eastern District of Virginia is res judicata, and thus determinative of the instant action, because that litigation reached a final judgment on the merits of the same claim asserted here. Because of the peculiar posture of the case, we cannot say that the earlier judgment was 'on the merits,' but we do agree that this litigation must be deemed to be concluded.
 
 
 7
 Judge Lewis dismissed Stebbins' discrimination claim because he found that Stebbins was collaterally estopped by Judge Pratt's finding to litigate the issue of his employability. In affirming that result, this court relief solely on the fact that Stebbins had waited seventeen months from the time he received his suit letter until he filed his action in the district court and had thus run afoul of the statutorily imposed time limitation. See 42 U.S.C. § 2000e--5(e), (f). In effect, we gave no deference to the rationale stated by the district court, and we are similarly reluctant to do so now.[3] Having held that Stebbins' action was properly dismissed not because he had no enforceable claim on the merits but rather because he had failed to comply with statutory preconditions to the bringing of his action, we cannot now say that the matter was adjudicated against him on the merits.
 
 
 8
 Tentative Draft No. 1 of the Restatement, Second, Judgments § 48.1(2) provides that 'a valid and final personal judgment for the defendant which rests on . . . the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after . . . the precondition has been satisfied, unless . . . the circumstances are such that it would be manifestly unfair to subject the defendant to such an action.' We believe that this section, which has been approved in principle by the membership of the American Law Institute, correctly states the rule that should be applied in this case.
 
 
 9
 In our opinion in No. 72--1061 we observed that Stebbins is a 'uniquely sophisticated litigant in Title VII matters.' 469 F.2d at 270. We emphasized that '(h)e was not proceeding upon any ignorance of, or even want of understanding of, Section 2000e--5(f); his was the intentional choice of disregarding the statutory provisions.' 469 F.2d at 270.[4] That circumstance has not changed with time. Nor is the impact of it lessened by the fact that several years have passed since we last dealt with Stebbins' claims. Indeed, it would be remarkable if a party whose claim was barred by an intentional delay in filing could cure that defect in an action brought at an even later time.[5]
 
 
 10
 More importantly, however, the unfairness that would result to Nationwide from a new trial is substantial and manifest. Nationwide not only prepared to litigate the merits of the first suit, but actually participated in a hearing on the merits. A review of the transcript of that hearing discloses that it was a full-blown trial and the district court's order, although it relies on the doctrine of collateral estoppel, contains a statement to the effect that the district court found Stebbins to be unemployable.[6] Thus, the issues were fully litigated, notwithstanding the district court's failure to follow through with formal findings of facts and our affirmance based upon an alternate, 'non-merits' ground. It would clearly be unfair to burden Nationwide with a second action when the fact that the first action was not decided on the merits is due solely to Stebbins' intentional disregard of the statutory precondition. cf. Restatement (Second) of Judgment § 48.1, comment n (Tent. Draft No. 1, 1973); Weissinger v. United States, 423 F.2d 795 (5th Cir. 1970).[7] Had Stebbins not aborted the trial in his efforts to test the statutory procedures, one lawsuit could well have been sufficient to thoroughly air his grievances. We do not believe that the burden of a new trial should be placed upon Nationwide when the fault rests wholly upon Stebbins' shoulders.
 
 
 11
 For the reasons stated above, the decision of the district court is affirmed.
 
 
 12
 Affirmed.
 
 
 
 [1]
 This action is one of nearly a dozen that Stebbins has been juggling since 1966. Several years ago he launched a new career--suing insurance companies that declined to hire him as a claims adjuster. He has brought actions against no less than six companies in this and the District of Columbia Circuits and has testified that he plans to obtain conflicts between various courts, ultimately to have the pleasure of arguing in the Supreme Court of the United States. See Stebbins v. Keystone Insurance Co., 156 U.S.App.D.C. 326, 481 F.2d 501 at n. 4 (1973)
 
 
 [2]
 This same effect was given to Judge Pratt's finding by Judge Gesell in Stebbins v. Keystone Insurance Co., No. 3588--69 (D.D.C. July 8, 1970) and Stebbins v. INA (II), No. 2036--70 (D.D.C. Nov. 1970). The District of Columbia Circuit subsequently held this to be an improper application of the doctrine of collateral estoppel because Judge Pratt's finding of unemployability was an alternate holding to the stronger rationale that Stebbins had not applied to INA. Stebbins v. Keystone Insurance Co., 156 U.S.App.D.C. 326, 481 F.2d 501 (1973)
 
 
 [3]
 Subsequent to our affirmance of the earlier suit, the District of Columbia Circuit held that Judge Pratt's decision was not entitled to collateral estoppel effect. See note 2 supra
 
 
 [4]
 Our earlier opinion noted that, in related litigation, Stebbins had demonstrated an "intentional, wilful and contemptuous' disregard of both Court and statutory rules and requirements.' Stebbins v. Nationwide Mutual Insurance Company, 469 F.2d 268, 270 (4th Cir. 1970) quoting from Stebbins v. State Farm Mutual Automobile Insurance Company, 134 U.S.App.D.C. 193, 413 F.2d 1100 (1969)
 
 
 [5]
 We are informed by the EEOC that issuance of suit letters is a purely ministerial task involving the exercise of no official discretion. Such letters are issued upon request after expiration of the statutorily prescribed waiting period
 
 
 [6]
 See, e.g. 9 Wright and Miller, Federal Practice and Procedure: Civil § 2373 at 240 (1971): 'A good argument can be made that after a full trial and decision on the merits of the case a plaintiff should not be allowed to start over by removing an obstacle to suit that it was within its power to remove at any time.'
 
 
 [7]
 Professors Wright and Miller take the position that the Weissinger decision may be justified for precisely the same reasons that dictate the result in this case. 9 Wright and Miller, Federal Practice and Procedure: Civil § 2373 at 240--242 (1970). See note 6 supra