**Albert C. BURGESS, Jr.**

v.

**Michael Eric COHEN, M.D.**

**Civ. A. No. 83–0502–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 18, 1984.

Albert C. Burgess, Jr., pro se.

Michael L. Goodman, J.W. Morris, III, Browder, Russell, Morris & Butcher, Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

Presently before the Court is plaintiff's Fed.R.Civ.P. 60(b) motion to amend this Court's judgment of 8 March 1984. The judgment dismissed this malpractice action based on diversity jurisdiction as barred by the two-year statute of limitations established by Va.Code § 8.01–243. Plaintiff wishes the judgment amended to show that it is "without prejudice." Defendant timely filed a brief in opposition to plaintiff's motion to amend. Plaintiff did not file a rebuttal. The matter, therefore, is ripe for adjudication.

After summary judgment was entered for defendant, plaintiff, on 16 March 1984, filed a notice of appeal. On 4 June 1984 the appeal was dismissed by the Court of Appeals for failure to prosecute pursuant to Local Rule of the Fourth Circuit 10. Because the appellate court's dismissal for failure to prosecute is not a decision on the merits, the dismissal has no effect on this Court's authority to entertain a Rule 60(b) motion. "In the case where the appeal is dismissed without a decision on the merits ... there is no problem of deviating from the appellate court's mandate and the district court has the power to entertain a timely motion for relief under 60(b)." 7 J. Moore, J. Lucas, Moore's Federal Practice ¶ 60.30[2], at 60–338 (2d ed. 1983).

Plaintiff's motion requests that the 8 March judgment be amended to reflect that the dismissal was "without prejudice." It is apparent that plaintiff intends to re-file his action in another jurisdiction and wants to avoid a plea in bar based upon the unfavorable judgment here. Plaintiff believes that without the added language he will be barred by the doctrine of *res judicata* from litigating the malpractice issue in a jurisdiction that would not be compelled to apply Virginia's two-year limitations period. A facial reading of Fed.R.Civ.P. 41(b), the Rule which is applicable to the involuntary dismissal herein under Rule 56, would seem to buttress plaintiff's apprehensions. Rule 41(b) provides, in pertinent part, that:

> *Unless the court in its order for dismissal otherwise specifies*, a dismissal under this subdivision and *any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.* (emphasis added).

The specific issue of whether Rule 41(b) mandates that a dismissal because the action was time barred is a decision on the merits has not been addressed either by the Fourth Circuit or the Supreme Court of the United States. The rule in the Second Circuit is that "a dismissal on the ground of the statute of limitations would bar a second action on the same claim in a different forum." *Sack v. Low,* 478 F.2d 360, 364 (2d Cir.1973). *See PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 n. 1 (2d Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 344,

78 L.Ed.2d 311 (1983).[1] However, the opinion in *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), not mentioned in the Second Circuit opinion, leads me to believe that the scope of Rule 41(b) was not intended to include a dismissal on limitations grounds as an unqualified decision upon the merits.

One of the issues in *Costello* was whether a previous dismissal of a denaturalization proceeding by a district court because plaintiffs had failed to file an affidavit of good cause should operate as a dismissal on the merits so as to bar a subsequent denaturalization proceeding. The *Costello* Court determined that failure to file the affidavit fit within the Rule 41(b)[2] "lack of jurisdiction" exception, and, therefore, the earlier dismissal was not on the merits. The Court in *Costello* explained that:

> At common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim. In *Haldeman v. United States*, 91 U.S. [(1 Otto)] 584, 585, 586, 23 L.Ed. 433, 433, which concerned a voluntary nonsuit, this Court said, "there must be at least one decision on a *right* between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit.... There must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively."

*Costello*, 365 U.S. at 285, 81 S.Ct. at 545 (emphasis in original).

The Court after citing other cases on the subject went on to state:

> We do not discern in Rule 41(b) a purpose to change this common law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition. All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits—failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action. In defining the situations where dismissals "not provided for in this rule" also operate as adjudications on the merits, and are not to be deemed jurisdictional, it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable.

Id. at 286, 81 S.Ct. at 545.

At common law a dismissal on statute of limitations grounds, based on a statute such as Va.Code § 8.01–243, was not a dismissal on the merits. *See* 1B, J. Moore, J. Lucas, T. Currier, Moore's Federal Practice ¶ 0.409[6] (2d ed. 1983). In this case the statute of limitations did not bar the right to bring a malpractice action, rather, it barred the remedy in Virginia. *See Page v. Shenandoah Life Insurance Co.*, 185 Va. 919, 40 S.E.2d 922 (1947). With reference to such a statute of limitations it is written:

> A judgment dismissing an action under such a statute does not bar the claim, but does determine that the action may not

---

1. The Second Circuit is the only circuit to take this position. Other courts have held that a dismissal on statute of limitations grounds is, under Rule 41(b), a dismissal on the merits; however, the decisions are limited by their facts to situations where the court would be compelled to apply the same limitations period as had been applied in the original lawsuit. *See, e.g., Cemer v. Marathon Oil Co.*, 583 F.2d 830, 831–32 (6th Cir.1978) (applying federal limitations period); *Chang v. Northwestern Memorial*

*Hosp.*, 549 F.Supp. 90, 95 (N.D.Ill.1982) (applying Illinois limitations period).

2. The language "or for failure to join a party under Rule 19," quoted in text supra, was not a part of Rule 41(b) in 1961 when the *Costello* case was decided. The subsequent addition of that language does *not* affect the opinion in *Costello* as it relates to the case at bar.

be brought in the jurisdiction in which it has been filed. Within that jurisdiction it is res judicata and the judgment bars a second action on the same cause.

1B, J. Moore, J. Lucas, T. Currier, Moore's Federal Practice ¶ 0.409[6], at 335 (2d ed. 1983).

And it follows that "the bar extends to a second suit in another jurisdiction that would follow the same statute of limitations...." Id. at ¶ 0.409[6], at 336. In this action there has been no adjudication of any *right* which would make this dismissal a bar to a subsequent suit *not* brought in Virginia or in a forum *not* obligated to apply Virginia's statute of limitations.

As this Court noted in its opinion of 8 March 1984, the statute of limitations issue in this lawsuit "could, and should, have been raised immediately from the filing of this action...." *Burgess v. Cohen*, Civil Action No. 83–0502–R, slip op. at 1 (E.D. Va.1984). If the limitations issue had properly been raised at the outset, this case would not have involved a situation "in which the defendant must incur the inconvenience of preparing to meet the merits...." *Costello*, 365 U.S. at 286, 81 S.Ct. at 545. Because a dismissal on statute of limitations grounds does not fit within the policy grounds discussed in *Costello*, I hold that the dismissal in this case while meeting the letter of Rule 41(b) is not within its intendment as defined by the holding in *Costello* and, therefore, was not an adjudication on the merits.

Simply put, as the Court sees it, the only issue on the merits which would be *res judicata* in a subsequent action in any court is that this action is time-barred in any action that would necessarily apply Va.Code § 8.01–243. In all other respects the merits of the malpractice claim are unaffected.

Because the addition of the phrase "without prejudice" would not add anything to the 8 March 1984 judgment of this Court and might remove the bar properly raised by the adjudication, the motion will be DENIED.

And it is so ORDERED.