**E.L. RUFFIN, Plaintiff,**

v.

**ITT CONTINENTAL BAKING COMPA-NY, Luther Harris, Jr., and Monroe Pharis, Defendants.**

**No. DC85–133–NB–O.**

United States District Court,
N.D. Mississippi,
Delta Division.

June 16, 1986.

Azki Shah, Clarksdale, Miss., for plaintiff.

Jay W. Kiesewetter, Michael C. Speros, Memphis, Tenn., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The present cause comes before the court on the defendants' motion for summary judgment and for attorney fees and costs. Upon consideration of the memoranda and the pleadings, and being fully advised in the premises, the court is now in a position to rule on the motion.

On May 26, 1985 the plaintiff filed the complaint in this action seeking relief from alleged religious discrimination in employment under 42 U.S.C. § 2000e, et seq. (Title VII), 42 U.S.C. §§ 1983 and 1985, and under the First and Thirteenth Amendments to the United States Constitution. The plaintiff also asserts pendent state claims for alleged breach of contract, wrongful discharge, and intentional infliction of emotional distress.

The defendants have now moved for summary judgment as to all claims on the basis that the same claims have been previously presented to the court in a prior action, *Ruffin v. ITT*, DC84–16–NB–O, involving the same parties and that the disposition of the previous claims by summary judgment (counts two through six) granted in favor of the defendants by order dated April 19, 1985, and by consent order (counts one and seven) by order dated October 3, 1984, operates as *res judicata*.

■ The court finds that defendants' argument regarding *res judicata* is not well taken as to counts two through six, although for reasons discussed below these counts will be dismissed on other grounds. When considering the question of whether the doctrine of *res judicata* bars reconsideration of claims previously disposed of by way of summary dismissal, it is important to determine whether the dismissal went to the merits of the claims. If dismissal was predicated upon a review of the relative merits of a claim, then, as a general proposition, the plaintiff will be precluded by the doctrine of *res judicata* from relitigating the claim. Where however, as in the instant case, summary dismissal is not rendered after an assessment of the relative merits of a claim but rather is predicated upon, for example, a procedural omission, then *res judicata* is not applicable and will not prevent reconsideration. Such is especially true in cases where a court determines that dismissal is to be "without prejudice." *See Liberty Mutual Ins. Co. v. Vanderbush Sheet Metal Co.*, 512 F.Supp. 1159, 1163 (E.D.Mich.1981). Because plaintiff's claims (counts two through six in present complaint) were previously dismissed "without prejudice" due to plaintiff's failure to respond to defendants' motion for summary judgment, the court finds that the present claims are not barred by *res judicata*. However, the court finds that the doctrine of *res judicata* does bar relitigation of counts one and seven of the present complaint since the plaintiff had agreed, pursuant to the consent order dated October 3, 1984, to dismiss with prejudice the claims alleging violation of the first and thirteenth amendments. Accord-

ingly, the defendants' motion for summary judgment on counts one and seven will be granted.

■ The defendants also contend that summary judgment should be granted as to the claims alleging Title VII violations (counts two and three) because the present suit was not filed within ninety days of plaintiff's receipt of the Notice of Right to Sue letter, as required by the statute of limitations provisions of 42 U.S.C. § 2000e–5(f). Because it is undisputed that the plaintiff received his Notice of Right to Sue more than a year before the filing of the present complaint, it is clear that counts two and three are now time-barred and also will be dismissed.

■ The remaining counts set forth claims premised on Mississippi law and have been added to the present complaint by virtue of the doctrine of pendent jurisdiction. Because the court has determined that the federal claims should be dismissed, the court finds as a consequence that the pendent state claims should be dismissed as well.

The defendants have also moved for costs and attorney's fees pursuant to section 706(k) of Title VII which provides for an award of costs including attorney's fees to the prevailing party in a Title VII action. The defendants may recover costs "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Moreover, whether an award of costs is to be granted is a matter lying within the sound discretion of the court.

■ In support of their motion, the defendants seem to argue that plaintiff's filing of the Title VII claims past the 90-day limitation period renders plaintiff's claims "frivolous" and "unreasonable." Because the dismissal of plaintiff's Title VII claim is a consequence of the 90-day limitations bar and not a consequence of a finding that plaintiff failed to state a claim upon which relief could be granted or that the plaintiff failed to raise an arguable issue, the court finds that an award of costs is inappropriate in this case. *See Nilsen v. City of Moss Point, Mississippi*, 621 F.2d 117 (5th Cir.1980); *Turner v. Texas Instruments, Inc.*, 401 F.Supp. 1179 (N.D.Texas 1975). The defendants' motion for costs is therefore not well taken and will be denied.

■ Finally, the defendants have also moved for sanctions on plaintiff's counsel pursuant to Fed.R.Civ.P. 11, which states in part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading ... that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation.

Rule 11 thus imposes an affirmative duty on counsel to make reasonable pre-filing inquiries with respect to both the legal and factual bases underlying the complaints. Whether an attorney has complied with the requirements of Rule 11 is determined not by the apparent absence or presence of subjective good faith on the part of the attorney but rather by the objective reasonableness of his actions. *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985). Rule 11 therefore states that sanctions shall be imposed where the court finds that (1) a competent attorney, after reasonable inquiry, could not form a reasonable belief that a pleading is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (2) a pleading or other filing was otherwise interposed for an improper purpose.

■ Upon consideration of the claims presented in the instant case, the court finds that reasonable inquiry into the legal merits of counts one and seven, previously

dismissed with prejudice, as well as counts two and three, filed more than a year after the right to sue letter was received, would have revealed the futility of refiling these claims in this second action. The court therefore finds that sanctions should be imposed on plaintiff's counsel in the amount of $500.00.

Let an order issue accordingly.

## ORDER

Pursuant to a memorandum opinion this day issued, it is hereby ORDERED:

That the above styled and numbered cause be, and is hereby, DISMISSED;

That defendants' motion for costs pursuant to section 706(k) of Title VII be, and is hereby, DENIED;

That sanctions pursuant to Fed.R.Civ.P. 11 be, and are hereby, imposed on plaintiff's counsel, Azki Shah, in the amount of $500.00 to be paid to defendants as partial reimbursement for the fees and costs incurred in the defense of counts one, two, three and seven set forth in the amended complaint.