Mary SHOUP; Larry R. Shoup, Sr.,
Plaintiffs–Appellees,

v.

BELL & HOWELL COMPANY,
Defendant–Appellant.

No. 88–1041.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 1988.

Decided April 26, 1989.

Clement Dumont Erhardt, III (John J. Boyd, Jr., Smith, Somerville & Case, on brief) for defendant-appellant.

Benedict A. Casey (Beasley, Casey, Colleran, Erbstein, Thistle, Kline & Murphy; Marvin Ellin, Ellin & Baker, on brief) for plaintiffs-appellees.

Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.

WILKINSON, Circuit Judge:

In this case we must determine if a dismissal by one federal court on statute of limitations grounds bars subsequent litigation of the same claim between the same parties in a second federal forum. The district court held it does not. We reverse and hold that pursuant to Fed.R.Civ.P. 41(b) the earlier statute of limitations ruling is a judgment on the merits subject to claim preclusion.

I.

On July 19, 1984, plaintiff Mary Shoup was injured while operating a mass mailing machine manufactured by defendant Bell & Howell Company. On July 14, 1986, she and her husband filed an action against defendant in the Court of Common Pleas of Pennsylvania alleging injury from the defective design and manufacture of the machine. Service was not obtained on defendant within the time required and the Shoups' complaint was reinstated with the Court of Common Pleas in January, 1987. Service was then obtained on defendant, which removed the case to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity of citizenship.

Following removal of the suit, Bell & Howell filed a motion for summary judgment asserting that the Shoups' claims were barred by the Pennsylvania statute of limitations applicable to personal injury actions. Because service of process was not obtained on defendant until after the statute of limitations had run, the court granted defendant's motion. The Shoups did not appeal the dismissal of their action.

On July 14, 1987, the Shoups filed lawsuits identical to the Pennsylvania action against Bell & Howell in both the United States District Court for the District of Maryland and the Circuit Court for Baltimore, Maryland. Defendant removed the latter action to the District of Maryland on the basis of diversity of citizenship and the two actions were consolidated. Bell & Howell then argued that the prior dismissal of plaintiffs' action in the Pennsylvania federal court required a dismissal in the Maryland action. The district court held that claim preclusion did not bar plaintiffs' suit, and this appeal followed. *See* 28 U.S.C. § 1292(b).

## II.

Pursuant to claim preclusion doctrine "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." Restatement (Second) of Judgments § 19 (1982). Three requirements exist for the invocation of claim preclusion: 1) the parties must be the same or in privity with the original parties; 2) the claims in the subsequent litigation must be substantially the same as those in the prior litigation; and 3) the earlier litigation must have resulted in a final judgment on the merits. *Id.; see also Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976 (4th Cir.1984). Of these requirements, only the third is at issue. We hold that the federal district court's dismissal of plaintiffs' Pennsylvania action on statute of limitations grounds is a final judgment on the merits.

■ We note at the outset that federal, not state, law determines the preclusive effect of a prior federal judgment, including the question of whether that judgment was on the merits. It is true that plaintiff filed her Maryland lawsuit within that state's three-year limitations period for personal injury actions. Md.Cts. & Jud.Proc. Ann. § 5–101 (1984); *Levin v. Friedman,* 271 Md. 438, 317 A.2d 831, 835 (1974). That fact, however, does not determine whether an earlier identical action between the parties, found to be time barred because it was not filed within Pennsylvania's

two year statute of limitations, 42 Pa.Cons. Stat.Ann. § 5524 (Purdon 1981), precluded the plaintiffs from bringing the Maryland lawsuit.

■ The district court permitted the Maryland action to proceed on two grounds. First, the court held plaintiffs' action was not precluded because Maryland conflicts law determines in a diversity action the effect of the earlier judgment and Maryland law regards the Pennsylvania statute of limitations as procedural. Because the statute is procedural, the district court reasoned, it merely bars plaintiffs' remedy, not their right, and thus does not preclude plaintiffs from enforcing their right in a Maryland federal court where the Pennsylvania statute is inapplicable. Second, the district court held that Fed.R.Civ.P. 41(b) does not preclude plaintiffs' present action because the prior summary judgment dismissal was not a dismissal on the merits for Rule 41(b) purposes.

We disagree on both grounds. While state law certainly controls the rights and duties of the parties in a federal action founded upon diversity of citizenship, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this circuit has recognized that "whether a federal court sits in diversity or has some other basis of jurisdiction, questions of the effect and scope of its judgment involve the power of the federal tribunal itself, and are not varied merely because state rules of decision underlie the judgment." *Harnett v. Billman,* 800 F.2d 1308, 1312 (4th Cir.1986); *see also Firemen's Fund Insurance Co. v. International Market Place,* 773 F.2d 1068, 1069 (9th Cir.1985); *Precision Air Parts, Inc. v. Avco Corp.,* 736 F.2d 1499, 1503 (11th Cir.1984); *Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493, 1497 (D.C.Cir.1983). The judgment of a federal court is no less a federal judgment because it was rendered in diversity. "Federal law determines the effects under the rules of res judicata of a judgment of a federal court," Restatement (Second) of Judgments § 87 (1982), just as in a state court the law of the state in which the judgment was rendered determines the preclusive effect a federal court

must give the judgment. *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Any other result would consign the effect of federal judgments to the uncertainties of state law in whatever jurisdiction a subsequent suit happened to be brought.

Here, the applicable federal law is Fed.R. Civ.P. 41(b). *See* 5 J. Moore, Moore's Federal Practice ¶ 41.14 (2d ed. 1987). It provides in pertinent part that:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The plain language of the Rule indicates that the dismissal of plaintiffs' Pennsylvania action on statute of limitations grounds is an adjudication on the merits. The federal court in Pennsylvania did not otherwise specify the dismissal to be "without prejudice," and the Shoups failed to move the court, pursuant to Fed.R.Civ.P. 59(e) or 60(b)(6), to specify that the judgment was "without prejudice." Moreover, the dismissal was not one "for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19," nor was it a dismissal for want of a proper case or controversy, which some courts have held to be within the jurisdictional exception of Fed.R. Civ.P. 41(b). *See McCarney v. Ford Motor Co.,* 657 F.2d 230 (8th Cir.1981) (dismissal for lack of standing); *Korvettes, Inc. v. Brous,* 617 F.2d 1021 (3rd Cir.1980) (dismissal for mootness).

Numerous courts have held that a Rule 41(b) limitations dismissal is a judgment on the merits. *See PRC Harris, Inc. v. Boeing Company,* 700 F.2d 894, 896 (2d Cir. 1983); *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 562 (5th Cir.1983); *Nathan v. Rowan,* 651 F.2d 1223, 1226 (6th Cir.1981); *Cemer v. Marathon Oil Company,* 583 F.2d 830, 832 (6th Cir.1978); *Chang v. Northwestern Memorial Hospital,* 549 F.Supp. 90, 95 (N.D.Ill.1982); *see also* 5 J. Moore, Moore's Federal Practice ¶ 41.14 (2d

ed. 1987). In a case analogous to the present one, *PRC Harris,* 700 F.2d 894 (2d Cir.1983), plaintiffs brought an action in New York state court against Boeing identical to a federal action in Washington dismissed earlier on statute of limitations grounds. That case, like this one, was removed to federal court. The Second Circuit affirmed the judgment of the district court in Boeing's favor, holding that a "dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, . . ." *Id.* at 896. The court added that Rule 41(b) dictates this result because "all but certain enumerated dismissals will be considered 'on the merits,' and the Rule does not exempt a dismissal on statute of limitations grounds from its general operation." *Id.* We find this reasoning compelling.

Appellees contend, however, that *PRC Harris* conflicts with *Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed. 2d 551 (1961). *See Burgess v. Cohen,* 593 F.Supp. 1122, 1124 (E.D.Va.1984) (*Costello* indicates "scope of Rule 41(b) was not intended to include a dismissal on limitations grounds as an unqualified decision upon the merits"). At issue in *Costello* was whether a district court's previous dismissal of a denaturalization proceeding because the government had failed to file an affidavit of good cause should operate as a dismissal on the merits so as to bar a subsequent denaturalization proceeding. The Supreme Court held that the dismissal was essentially one " 'for lack of jurisdiction,' within the meaning of the exception under Rule 41(b)." *Costello,* 365 U.S. at 285, 81 S.Ct. at 544. The Court added that it regarded the lack of jurisdiction exception as "encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." *Id.* *See also Johnson v. Boyd–Richardson Co.,* 650 F.2d 147 (8th Cir.1981) (dismissal for failure to name defendant correctly on summons).

We cannot accept appellees' contention that a dismissal on statute of limitations grounds is, like a dismissal for failure to

file an affidavit of good cause, a dismissal for lack of jurisdiction, and thus not a final adjudication on the merits. "[D]ismissals for want of jurisdiction are paradigms of non-merits adjudication." *See Nilsen*, 701 F.2d at 562. In such a dismissal the court does not "regard the merits of an action." It "merely classif[ies] [an] action, whatever its merits, as one on which the court concerned cannot speak." In contrast, a statute of limitations dismissal assumes the court "could have spoken but refuses to do so." *Id.* The power to declare law, including the law relating to the statute of limitations, is present. Of course, jurisdictional dismissals may involve a court in complex questions of law or fact, e.g., whether a defendant has sufficient contacts with the forum. So too may statutes of limitations dismissals, e.g., whether a limitations period has been tolled or when a cause of action has accrued. The former, however, must be resolved before a court may even undertake to speak on the latter, or indeed on any non-jurisdictional aspect of the case. Nothing may proceed until jurisdiction has attached.

Unlike *Costello*, the Shoups did not fail to comply with any "precondition" to the hearing of their claims by the Pennsylvania federal court. The Pennsylvania court here had jurisdiction to make a time bar determination. Fed.R.Civ.P. 41(b) recognizes that statutes of limitations embody public policies of protection against stale claims which are no less important than other rules of decision. Thus, claim preclusion acts to bar the Shoups' action "even though the substantive issues have not been tried." Restatement (Second) of Judgments § 19 comment a (1982); *see also Adkins*, 729 F.2d at 976.

The fact that the district court in Pennsylvania issued a summary judgment order reinforces the principle that adjudication was on the merits. In *Adkins*, this circuit held that "[f]or purposes of *res judicata*, a summary judgment has always been considered a final disposition on the merits." *Adkins*, 729 F.2d at 976 n. 3; *see also Pottratz v. Davis*, 588 F.Supp. 949, 954 (D.Md.1984) (emphasis in original). ("A summary judgment dismissal *is* a final adjudication on the merits under Fourth Circuit cases"). Other courts and commentators have reached a similar conclusion. *See Exhibitors Poster Exchange, Inc. v. National Screen Service Corporation*, 421 F.2d 1313, 1319 (5th Cir.1970) (lack of preclusive effect for summary judgment dispositions "would compel the useless ritual of a formal trial to get the equivalent ruling at the end of the evidence"); *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519, 524 (3rd Cir.1973); Restatement (Second) of Judgments § 19 comment g (1982); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4444 (1981).[1]

### III.

Claim preclusion promotes economy in the use of judicial resources and finality in

---

1. The dissent's discussion of our precedents is misplaced. The decision on which the dissenting opinion relies, *Stebbins v. Nationwide Mutual Insurance Company*, 528 F.2d 934 (4th Cir. 1975), never so much as mentions the Rule we are required to interpret here. Moreover, *Stebbins* found plaintiff's action precluded, a result the dissent now rejects. In fact, the dissent affords no more than an ad hoc example of how its standard of "manifest unfairness" is to operate. The dissent possesses some obligation to propose a workable rule of judicial administration, especially when at least three circuits, *see PRC Harris*, 700 F.2d at 896; *Nilsen*, 701 F.2d at 562; *Nathan*, 651 F.2d at 1226, fail to share its understanding of the preclusive effect of limitations dismissals. Under the dissent's formulation, a limitations dismissal with preclusive effect in a subsequent suit brought in the Fifth Circuit, for example, would apparently be up for grabs in the Fourth.

Moreover, the dissent's particularized approach to questions of preclusion is flatly inconsistent with that of *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), where the Supreme Court declared that "[t]he doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case." *Id.* at 401, 101 S.Ct. at 2429.

The decision which the dissent attempts to distinguish, *Adkins*, contains an unambiguous declaration that summary judgment dispositions are decisions on the merits. The dissenting opinion, in its own words, is not free "to ignore binding precedent" with which it disagrees. *See* note 8. Nor does the dissent possess the authority either to annul the Pennsylvania limitations period or to amend the plain terms of Rule 41(b), which simply does not include limitations dismissals among non-merits determinations.

litigation. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 400–01, 101 S.Ct. 2424, 2428–29, 69 L.Ed.2d 103 (1981); *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2917–18, 77 L.Ed.2d 509 (1983). It "rests on a determination that justice is better served by attributing finality to judgments ... than by second efforts at improved results." 18 Wright, Miller & Cooper, *supra,* at § 4415.

The instant case is one for which the doctrine of claim preclusion seems designed. The prior Pennsylvania action involved the same claim and the same parties present here. The case was finally adjudicated on the merits. To require defendant to litigate an identical action in Maryland would: 1) undercut the effect of the Pennsylvania judgment; 2) deplete limited judicial resources; and 3) either lead to inconsistent judgments or require a party to prevail twice.

We recognize that the fortuities of forum law may affect recovery. Federal law, however, does not permit a plaintiff to shop indefinitely for favorable statutes of limitations in every state where personal jurisdiction over a defendant might be found. We need not ponder all the factors that may have led plaintiff to file first in a Pennsylvania forum, for we are not at liberty to vary the principles of preclusion to accommodate them. The doctrine of res judicata " 'is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts....' " *Federated Department Stores,* 452 U.S. at 401, 101 S.Ct. at 2429, *quoting Hart Steel Co. v. Railroad Supply Co.,* 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917). No principle of law sanctions its rejection.

The judgment of the district court is therefore REVERSED.

MURNAGHAN, Circuit Judge, dissenting:

I respectfully dissent. A dismissal for failure to comply with the statute of limitations represents a "dismissal for lack of jurisdiction" under Fed.R.Civ.P. 41(b). The majority fails to appreciate how expansively the Supreme Court has interpreted the word "jurisdiction" in Rule 41(b). Furthermore, the majority has ignored precedent of our own circuit, which has held that a dismissal for failure to file a lawsuit within the statutory deadline does not represent an adjudication on the merits for *res judicata* purposes. The Pennsylvania federal court's grant of summary judgment against the Shoups should not preclude them from proceeding with their action in the present case because the federal court in Maryland would be obliged to apply Maryland's three-year statute of limitations, rather than Pennsylvania's two-year limitations period.

I.

Underlying the majority's erroneous holding is a fundamental misunderstanding of the Supreme Court's decision in *Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), whose interpretation of Fed.R.Civ.P. 41(b) governs here.[1] Rule 41(b) provides, in pertinent part:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Supreme Court gave an expansive interpretation to the term "jurisdiction" in Rule 41(b), construing it much more broadly than the word is traditionally used in other contexts:

---

1. Decisions by the Second and Sixth Circuits, which the majority finds so persuasive, carry little weight with me because those circuits either dismissed out of hand or entirely ignored *Costello's* applicability. In *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894 (2d Cir.1983), the Second Circuit dismissed *Costello* in a footnote, finding it inapplicable merely because it had not involved a dismissal on statute of limitations grounds. *Id.* at 896–97 n. 2. Neither Sixth Circuit opinion cited by the majority even mentioned *Costello. See Nathan v. Rowan,* 651 F.2d 1223 (6th Cir.1981), and *Cemer v. Marathon Oil Co.,* 583 F.2d 830 (6th Cir.1978).

It is too narrow a reading of the exception to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter. We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim.

*Costello,* 365 U.S. at 285, 81 S.Ct. at 544. The Shoups' compliance with the Pennsylvania statute of limitations by effecting service on the defendant, not merely by instituting suit,[2] was a "precondition requisite to the court's going forward to determine the merits" of their lawsuit. Thus, dismissal for failure to comply with that precondition does not represent an adjudication on the merits under Rule 41(b).

The majority argues, however, that the Shoups' untimeliness did not represent a failure to comply with a "precondition" to the Pennsylvania federal court's consideration of their claims. Apparently, the majority believes that compliance with the Pennsylvania statute of limitations—a requirement left unfulfilled here because of untimely service of process, not untimely filing of the lawsuit—does not qualify as a "precondition" under *Costello* because a plaintiff's untimeliness does not absolutely preclude a court from adjudicating the substantive issues in the case.[3] A plaintiff's failure to comply with a statute of limitations generally does not deprive a court of subject-matter jurisdiction over the substantive claims. Under certain circumstances, a plaintiff might be excused from compliance with the Pennsylvania statute of limitations,[4] in which case a court would proceed to a consideration of the merits of the lawsuit. *See, e.g., Molineux v. Reed,* 516 Pa. 398, 402, 532 A.2d 792, 794 (1987) (defendant who fraudulently or deceptively lulls plaintiff into inaction may be precluded from invoking statute of limitations defense). But here we do not have a case where a court has excused non-compliance with the statute of limitations—*i.e.,* waived a precondition.

In essence, the majority has construed "precondition" so narrowly that it has become virtually indistinguishable from a subject-matter jurisdictional requirement. *Costello* never intended such a narrow interpretation. In fact, *Costello* explicitly held that "jurisdiction" under Rule 41(b) encompassed more than mere subject-matter jurisdiction or personal jurisdiction. 365 U.S. at 285, 81 S.Ct. at 544. Although *Costello* held that the filing of an affidavit for good cause in a denaturalization proceeding was a "precondition" for Rule 41(b) purposes to a court's decision on the merits, the Supreme Court quite clearly did not believe that the absence of such an affidavit deprived a court of *subject-matter* jurisdiction to decide the substantive issues in the case. *See* 365 U.S. at 285, 81 S.Ct. at 544, *citing Title v. United States,* 263 F.2d 28, 30 (9th Cir.1959) (affidavit a "procedural", rather than "jurisdictional", prerequisite), *cert. denied,* 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978 (1959); *United States v. Failla,* 164 F.Supp. 307, 313 (D.N.J.1958)

---

**2.** In Pennsylvania, the filing of a lawsuit tolls the statute of limitations only if the plaintiff subsequently makes a good faith effort to serve process within the time prescribed by state law. Untimely service will nullify the tolling originally accomplished by the filing of suit. *See Lamp v. Heyman,* 469 Pa. 465, 478, 366 A.2d 882, 889 (1976); *Pannill v. Seahorne,* 278 Pa.Super. 562, 568, 420 A.2d 684, 686–87 (1980); *Watts v. Owens-Corning Fiberglas Corp.,* 353 Pa.Super. 267, 271, 509 A.2d 1268, 1270 (1986), *app. denied,* 514 Pa. 632, 522 A.2d 559 (1987).

**3.** The Shoups' failure to serve process did, however, absolutely preclude substantive adjudica-

tion during the period up to the deadline for service, *i.e.,* while time existed for the precondition to be met, because Bell & Howell apparently was unaware suit had been filed. Obviously, if the defendant has not been served and has not waived service, adjudication on the merits cannot take place. Of course, here service did ultimately occur at a time when the statute of limitations had run, but such service could manifestly not satisfy the precondition of timely service.

**4.** By waiver a precondition would be deemed met.

(affidavit requirement may be waived by defendant).

The policies underlying Rule 41(b) demonstrate that limitations dismissals do not constitute adjudications on the merits:

> All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits ... primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them.... In defining the situations where dismissals "not provided for in this rule" also operate as adjudications on the merits, and are not to be deemed jurisdictional, it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable.

*Costello*, 365 U.S. at 286, 81 S.Ct. at 545. The statute of limitations defense presents an initial bar to adjudication of the merits. If the defendant promptly raises the defense after the filing of the complaint, and the court finds the defense valid, the defendant will not "incur the inconvenience of preparing to meet the merits" of the plaintiff's lawsuit. *Id.* Thus, the policies underlying Rule 41(b) require that statute of limitations dismissals not be given *res judicata* effect. *See Burgess v. Cohen*, 593 F.Supp. 1122, 1125 (E.D.Va.1984) (Under *Costello*, summary judgment on statute of limitations grounds is a Rule 41(b) dismissal for lack of jurisdiction).

Not only has the majority misconstrued *Costello*, but it also has ignored our own circuit's decision in *Stebbins v. Nationwide Mutual Ins. Co.*, 528 F.2d 934 (4th Cir. 1975),[5] which found that a dismissal for failure to comply with the statutory time limit for bringing a Title VII[6] suit did not represent an adjudication "on the merits" for *res judicata* purposes.[7] *Id.* at 937. *Stebbins* emphasized that failure to meet the deadline merely represented a failure "to comply with statutory preconditions to the bringing" of the action. *Id.* Although *Stebbins* never explicitly referred to Rule 41(b), its reference to "statutory preconditions" is virtually identical to *Costello's* definition of "jurisdiction."[8] *See* 365 U.S. at 285, 81 S.Ct. at 544. For *res judicata* purposes, a dismissal for failure to comply with Pennsylvania's statute of limitations should be treated no differently than a dismissal for failure to file suit within the Title VII deadlines.[9]

5. *Cert. denied*, 424 U.S. 946, 96 S.Ct. 1417, 47 L.Ed.2d 353 (1976).

6. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

7. *Stebbins*, a Fourth Circuit case, reached precisely the opposite conclusion as *Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir.1983) (*en banc*), a case which the majority finds so persuasive. *Nilsen* held that a dismissal for failure to comply with Title VII's deadlines represented an adjudication on the merits for *res judicata* purposes. *Id.* at 562. The majority fails to explain what authority it has to ignore our court's precedent in *Stebbins* in favor of another circuit's decision that carries no precedential weight in the Fourth Circuit.

8. I find novel indeed the majority's assertion that it is free to disregard the binding precedent of *Stebbins* merely because our opinion in that case did not go through the formality of citing, of actually referring to, Federal Rule 41(b). The Federal Rules of Civil Procedure were, of course, in force at the time we decided *Stebbins*, and had been so for many years, and we must assume that the members of our court who decided that case were familiar with those rules by which they were bound. Would the majority in the present case similarly feel free to disregard a decision of our circuit interpreting the "clearly erroneous" standard of review merely because the opinion in the case had not explicitly cited Fed.R.Civ.P. 52(a)? I would hope not. The majority's argument is particularly ironic because two opinions on which it relies never explicitly mention Rule 41(b). *See Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir.1983) (*en banc*); *Nathan v. Rowan*, 651 F.2d 1223 (6th Cir.1981).

*Stebbins* is binding precedent in our circuit on the meaning of Rule 41(b)'s reference to "adjudication upon the merits." The majority's obvious dislike for the result in *Stebbins* does not give it the freedom to ignore binding precedent. The majority has no authority to overrule *Stebbins*. Only the Supreme Court or our own court sitting *en banc* can do that.

9. Prior to the Supreme Court's decision in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), some courts held that failure to comply with Title VII's deadlines deprived a court of subject-matter jurisdiction to consider the merits of a plaintiff's discrimination claims. *See id.* at 392, 102 S.Ct. at

The refusal to give claim preclusive effect to limitations dismissals need not lead to the sort of abuse feared by Bell & Howell and the majority, who envision plaintiffs "shop[ping] indefinitely for favorable statutes of limitations in every state where personal jurisdiction over a defendant might be found." [10] Our own circuit has devised a way to avoid the potential for such abuse. In *Stebbins*, we recognized that even though a limitations dismissal did not represent an adjudication on the merits, such a dismissal could be given claim preclusive effect under unusual circumstances where it would be "manifestly unfair" to subject a defendant to a second lawsuit and where the plaintiff was especially blameworthy. 528 F.2d at 937–38. *Stebbins* strikes the appropriate balance between a plaintiff's interests in receiving a decision on the merits of her claim, a defendant's interest in avoiding undue hardship in defending against lawsuits, and society's dual interests in promoting judicial economy and providing relief for injured parties.[11] *See* Symposium Note, *Res Judicata Effects of Involuntary Dismissals: When Involuntary Dismissals Based Upon Prematurity or Failure to Satisfy a Precondition to Suit Should Bar a Second Action*, 70 Cornell L.Rev. 667, 686–694 (1985) (praising the balance struck by *Stebbins*); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure [hereinafter "Wright, Miller & Cooper"] § 4437 at 350–51 (1981) (approving *Stebbins*' approach); Restatement (Second) of Judgments § 20 comment n (1982) (non-merits dismissal may bar second action under special circumstances when fairness dictates).

The present case is not one warranting application of *Stebbins*' "manifest unfairness" exception to the general rule that a limitations dismissal does not have claim preclusive effect. Whereas the plaintiff in *Stebbins* demonstrated an "intentional, wilful and contemptuous" disregard for the statutory time limits for filing suit, 528 F.2d at 937 n. 4, the Shoups' failure to comply with the Pennsylvania statute of limitations was, in the words of the Pennsylvania federal court, mere "inadvertence." Furthermore, Bell & Howell did not suffer the same sort of burden as the defendant in *Stebbins*. The Pennsylvania federal court granted summary judgment in favor of Bell & Howell before trial and before extensive preparation of a defense on the merits. By contrast, the defendant in *Stebbins* had to endure a full-blown trial on the merits. *Id.* at 937–38. Because the present case does not present the unusual circumstances found in *Stebbins*, the summary judgment against the Shoups on statute of limitations grounds should have no claim preclusive effect.

## II.

I cannot agree with the majority's suggestion that a summary judgment order invariably constitutes an adjudication on the merits. Such a result would exalt form over substance. Summary judgments, of course, have *res judicata* effect if they "rest on the lack of any genuine issue of material fact going to the *merits* of [a]

---

1131. However, *Stebbins* clearly did not consider Title VII's deadlines as subject-matter jurisdictional requirements. Instead, *Stebbins* considered the statutory deadlines as equivalent to a statute of limitations that could be equitably tolled if necessary to promote justice. *See Stebbins v. Nationwide Mutual Ins. Co.*, 469 F.2d 268, 270 (4th Cir.1972) (appeal of first dismissal against Stebbins), *cert. denied*, 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973).

10. It is by no means clear that forum shopping was in any way involved in the Shoups' case. The plaintiffs were Pennsylvania residents. The site for the manufacture of the mass mailing machine and the site of the injury allegedly caused by it are not disclosed in the record.

11. *Stebbins* is fully consistent with the Supreme Court's decision in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), which held that courts may not, in the name of justice or equity, refuse to give preclusive effect to a final judgment *on the merits* that satisfies all the requirements of the *res judicata* doctrine. *Id.* at 399, 401, 101 S.Ct. at 2428, 2429. *Stebbins* does not condone the denial of preclusive effect to adjudications on the merits (if all the other requirements of *res judicata* are met). Instead, *Stebbins* allows courts to give preclusive effect to non-merits dismissals under extraordinary circumstances.

claim or defense." 18 Wright, Miller & Cooper § 4444 at 391 (emphasis added). Where, however, summary judgment "is not rendered after an assessment of the relative merits of a claim but rather is predicated upon, for example, a procedural omission, then *res judicata* is not applicable and will not prevent reconsideration." *Ruffin v. ITT Continental Baking Co.*, 636 F.Supp. 857, 858 (N.D.Miss.1986). *See also*, 18 Wright, Miller, & Cooper § 4444 at 392 (decision should not be given increased preclusive effect merely because labelled "summary judgment").

Contrary to the majority's suggestion, our decision in *Adkins v. Allstate Ins. Co.*, 729 F.2d 974 (4th Cir.1984), does not require that every summary judgment order be considered an adjudication on the merits. The majority conveys a misimpression about *Adkins* by quoting one sentence of that opinion out of context. In *Adkins*, we were merely responding to a plaintiff's argument that disposal of a case on summary judgment grounds could never have *res judicata* effect. *See* 729 F.2d at 976 n. 3. We quite correctly rejected that argument in *Adkins*, emphasizing that plaintiff's position was directly contrary to well-settled law. *Id.* However, *Adkins* should not be read for the broader proposition that every order bearing the label "summary judgment" has claim preclusive effect. Instead, we must look beyond labels to determine whether the summary judgment pertained to the merits, or instead, was based solely on a procedural matter independent of the merits. As I have demonstrated, the Pennsylvania federal court's grant of summary judgment against the Shoups for failure to comply with the statute of limitations did not represent an adjudication on the merits for *res judicata* purposes.

Indeed, the majority's approach reads "on the merits" to extend to "not on the merits." The merits of the plaintiffs' claim of injurious malfunction of the mass mailing machine have never been addressed. The majority's position amounts to a holding that "black" includes "white." We, in

1989, should be long past George Orwell's "1984."

### III.

Although the summary judgment on limitations grounds has no claim preclusive effect on the merits, the Pennsylvania federal court's decision that the Shoups failed to comply with Pennsylvania's two-year statute of limitations should have issue preclusive effect. *See* 18 Wright, Miller & Cooper § 4435 at 334–36; *id.* § 4441 at 372–73; *Burgess*, 593 F.Supp. at 1125. In other words, the Shoups may not relitigate issues decided by the Pennsylvania federal court, such as whether they complied with the Pennsylvania statute of limitations or whether they qualified for equitable tolling of the statute. Thus, the court below would be obliged to dismiss the Shoups' lawsuit on *res judicata* grounds if Pennsylvania's two-year statute of limitations governed the diversity action in Maryland. I conclude, however, that Maryland's three-year limitations period, rather than Pennsylvania's two-year deadline, applies here.

To determine which statute of limitations applies to the Shoups' claims, we must look to the choice Maryland courts would make in such a case. *See Sokolowski v. Flanzer*, 769 F.2d 975, 977 (4th Cir.1985), *citing Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 494, 496, 61 S.Ct. 1020, 1020, 1021, 85 L.Ed. 1477 (1941) (federal court sitting in diversity case must apply the conflict of laws rules of the forum state). A proper choice depends on whether Maryland law would classify Pennsylvania's statute of limitations as substantive or procedural in nature. *See Sokolowski*, 769 F.2d at 978 (in Maryland, laws of the state where tort occurred governs substantive matters while law of forum state governs procedural issues); *Doughty v. Prettyman*, 219 Md. 83, 88, 148 A.2d 438, 440 (1959) (same).

Maryland would classify Pennsylvania's statute of limitations [12] as procedural, and

---

12. The applicable Pennsylvania statute of limitations provides, in pertinent part:

The following actions and proceedings must be commenced within two years:

\* \* \* \* \* \*

thus would apply its own three-year limitations period[13] to the Shoups' action. Maryland considers a statute of limitations as procedural, *see Doughty*, 219 Md. at 88, 148 A.2d at 440, unless it extinguishes the underlying right and not merely the remedy. *Sokolowski*, 769 F.2d at 978. Based on our detailed analysis of Maryland law in *Sokolowski*, I conclude that Maryland courts would see Pennsylvania's statute of limitations as extinguishing only the Shoups' remedy, not their substantive rights. *See id.* at 979 (statute of limitations found procedural where limitations period was neither a part of the statutory provision creating the substantive right nor was specifically directed to a statutorily created right).

## IV.

In conclusion, the summary judgment against the Shoups for failure to comply with Pennsylvania's two-year statute of limitations represents a dismissal for lack of jurisdiction under Fed.R.Civ.P. 41(b), and thus does not constitute an adjudication on the merits for *res judicata* purposes. The dismissal should not preclude the Shoups from proceeding with their cause of action in federal district court in Maryland because that court would be obliged to apply Maryland's three-year statute of limitations, rather than Pennsylvania's two-year limitations period, to their lawsuit.

I would affirm the judgment of the district court.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another....

42 Pa.Cons.Stat.Ann. § 5524.

13. Md. Courts & Judicial Proceedings Code Ann. § 5–101.