888 F.2d 1385
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Louella J. BEMBURY, Plaintiff-Appellant,
v.
Thomas Wayne WRIGHT, Defendant-Appellee.
 No. 89-2327.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1989.
Decided Oct. 11, 1989.
 
 W.T. Culpepper, III, for appellant.
 Donald C. Prentiss, John D. Leidy, Horhntal, Riley, Ellis & Maland, for appellee.
 Before PHILLIPS, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Louella J. Bembury appeals from the district court's order entering judgment against her in this diversity action alleging personal injuries incurred in an automobile accident in Virginia. We affirm the district court's finding that it lacked personal jurisdiction over the defendant, but, because the dismissal was for lack of jurisdiction, we modify the judgment to reflect that it was without prejudice. Fed.R.Civ.P. 41(b).
 
 
 2
 Bembury sought to establish personal jurisdiction in North Carolina over defendant, a Virginia resident who transacts no business in North Carolina, by asserting that defendant's insurer engaged in settlement negotiations with her in North Carolina. The district court properly found this argument foreclosed by the Supreme Court's decision in Rush v. Savchuck, 444 U.S. 320, 328-32 (1980).*
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 *
 We reject Bembury's contentions on appeal that the case should be transferred to the Eastern District of Virginia or that she should be permitted to amend her complaint to name State Farm Mutual Automobile Insurance Co. as a party defendant. Transfer would not be in the interest of justice under 28 U.S.C. Sec. 1404(a), Sec. 1406(a), or Sec. 1631 because of the applicable statute of limitations in Virginia. See Va.Code Ann. Sec. 8.01-243. Wright would not be estopped from pleading the statute as a bar. See American Mut. Liability Ins. Co. v. Hamilton, 145 Va. 391, 407-08, 135 S.E. 21, 25-26 (1926). Additionally, as the matter has been considered in a Virginia state court and rejected on statute of limitations grounds, transfer would not be in the interest of justice because the claim is barred by res judicata. See Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180 (4th Cir.1989) (dismissal on statute of limitations grounds is a dismissal on the merits). Moreover, under the case law of North Carolina, an amendment would have been fruitless because any obligation of the insurer is contingent upon an adjudication of the insured's liability. See Jones v. State Farm Mut. Aut. Ins. Co., 270 N.C. 454, 463, 155 S.E.2d 118, 125 (1967)