357 F.2d 923
 Henry G. BARTSCH, d/b/a Airport Dispatching Service, Petitioner,
v.
WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, Respondent.
Airport Transport, Inc., of Virginia, Intervenor.
 No. 10217.
 United States Court of Appeals Fourth Circuit.
 Argued February 7, 1966.
 Decided March 7, 1966.
 
 Henry G. Bartsch, Washington, D. C., pro se.
 Russell W. Cunningham, General Counsel, Washington Metropolitan Area Transit Commission, for respondent.
 Linwood C. Major, Jr., Washington, D. C., for intervenor.
 Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a petition for review of an order of the Washington Metropolitan Area Transit Commission. Washington Metropolitan Transit Regulation Compact Act (1960), § 6; Compact, Title II, Art. XII, § 17(a) Public Law 86-794, 74 Stat. 1031.
 
 
 2
 This petition attacks fare increases granted to a competitor of the petitioner. WMATC Order No. 486. He raises four objections: (1) The Commission incorrectly classified vehicles of less than 8 passengers as non-taxicabs; (2) The order allows higher fares to be charged by Airport Transport, Inc., of Virginia than by other carriers, in violation of the Fourteenth Amendment to the Constitution; (3) The Commission does not have jurisdiction to set fares for trips to and from Washington National Airport; and (4) The taxicab rates set are unreasonable.
 
 
 3
 We do not consider the first objection. It has already been litigated between the identical parties. Bartsch v. Washington Metropolitan Area Transit Comm. No. 18,093 (D.C.Cir. 1965). If "an issue * * * has once been decided between the parties by a competent court, the court will not permit the matter to be relitigated between the same parties in another case." Seatrain Lines, Inc. v. Pennsylvania R. R. Co., 207 F.2d 255, 259 (3 Cir. 1953).
 
 
 4
 No substantial issue is raised by the second objection. The equal protection clause does not require that rates be identical within an entire industry. In the regulation of varying services in several states minor variations are to be expected. Compact, supra, Title II, Art. XII, § 6(a) (2).
 
 
 5
 The Commission does have jurisdiction to set taxicab rates to and from Washington National Airport. The grant of exclusive jurisdiction over the airport to the federal government, Code of Virginia, Title 7, Chap. 1, §§ 7-9, does not exclude all state jurisdiction relating to the federal area.
 
 
 6
 "[C]onsent to this acquisition gave the United States power to exercise exclusive jurisdiction within the area. * * * The fiction of a state within a state can have no validity to prevent the state from exercising its power over the federal area within its boundaries, so long as there is no interference with the jurisdiction asserted by the Federal Government. The sovereign rights in this dual relationship are not antagonistic. Accommodation and cooperation are their aim. It is friction, not fiction, to which we must give heed." Howard v. Commissioners of Sinking Fund, etc., 344 U.S. 624, 627, 73 S.Ct. 465, 467, 97 L.Ed. 617 (1953).
 
 
 7
 Regulation of interstate rates to and from the airport does not conflict with the internal control of the facilities.
 
 
 8
 The taxicab rates set were not unreasonable. In determining rates we think the Commission was justified in taking into consideration lawfully imposed franchise fees paid by the carrier.
 
 
 9
 The order of the Commission is affirmed.
 
 
 10
 Affirmed.