Dorothy K. **ADKINS**, Appellant,

v.

**ALLSTATE INSURANCE COMPANY and Allen Simmons, Appellees.**

No. 83–1578.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1984.

Decided March 15, 1984.

---

George B. Rushing, Augusta, Ga. (Mary J. Wiesen-Kosinski, Aiken, S.C., on brief), for appellant.

Richard R. Mehrhof, Jr., Augusta, Ga. (Allgood & Childs, Augusta, Ga., on brief), for appellees.

Before RUSSELL and HALL, Circuit Judges, and MAX ROSENN, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

ROSENN, Senior Circuit Judge:

In this diversity action, plaintiff Dorothy K. Adkins seeks reformation of an insurance contract with defendant Allstate Insurance Company and an award of monies allegedly due under the reformed contract. The United States District Court for the District of South Carolina entered summary judgment for defendants, concluding that in light of a prior action instituted by plaintiff in the federal courts in Georgia the doctrine of *res judicata* barred the suit. We affirm.

## I.

On July 25, 1976, Douglas Adkins applied for automobile insurance at an Allstate Insurance Company office in Augusta, Georgia. At the time, Adkins and his wife, Dorothy, resided in Belvedere, South Carolina. Allstate agent Stan Kent processed the application and issued a binder. Allstate then mailed the contract to the Adkins home in South Carolina.

In August 1979, the Adkins separated, and Dorothy moved to Martinez, Georgia. She obtained a Georgia driver's license and registered her car there. Allstate agent Allen Simmons received prompt notification of plaintiff's change of residence.

On February 2, 1980, plaintiff suffered serious injuries from an accident that occurred while she was driving her sister's automobile in Richmond County, Georgia. That automobile was not insured by Allstate. On December 2, 1980, Allstate paid Dorothy $15,000 pursuant to the uninsured motorist benefits provision of the policy. By letter dated January 9, 1981, plaintiff wrote to Allstate demanding payment of $46,000 "due her under the optional personal injury protection coverage" of her policy under Georgia law. She informed the Company that she had never been offered "the statutorily required option of purchasing higher limits of personal injury protection." She requested personal injury protection limits of $50,000 retroactive to the inception date of the policy. By letter dated January 23, 1981, Allstate rejected the demand.

On July 10, 1981, plaintiff instituted an action against Allstate in the United States District Court for the Southern District of Georgia seeking reformation of the insurance contract and monies allegedly due thereunder. Her theory of relief rested upon the contention that the insurance contract should be governed by Georgia law and that, accordingly, Allstate's failure to offer the Adkins the option to purchase up to $50,000 worth of personal insurance protection—required of insurers by Georgia law—constituted grounds for reformation. The district court was unpersuaded. Applying Georgia's conflict of laws rule, the court concluded that South Carolina law governed the insurance contract. It therefore entered summary judgment for Allstate. The plaintiff did not appeal.

In October 1982, however, plaintiff instituted another action against Allstate, this time in a South Carolina court of common pleas. The complaint also named Allen Simmons as a defendant.[1] Following removal of the action to federal court, Judge Anderson entered summary judgment for the defendants, holding that the doctrines

---

1. As the district court noted, plaintiff's claim against Simmons implicates only actions taken by him within the scope of his employment as an Allstate agent. His status as defendant therefore in no way relieves plaintiff of the constraints of the doctrine of *res judicata*.

of *res judicata* and collateral estoppel compelled that conclusion. Plaintiff thereupon appealed.

## II.

Over the years, the doctrine of *res judicata* has generated a substantial amount of confusion. Such confusion need not detain us here. For to properly decide this appeal we need only remind ourselves of the most basic principles embodied by the doctrine.

The Restatement (Second) of Judgments § 19 (1982) provides:

A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim.

In the comment that follows the rule the draftsmen concisely explain its well-settled purpose:

The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end. These considerations may impose such a requirement even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding, or has deliberately flouted orders of the court.

*Id.*, comment a. Both the Supreme Court and this circuit have consistently recognized the importance of these principles. In *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), the Court reiterated:

[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352 [24 L.Ed. 195] [1876]. The judgment puts an end to the cause of action . . . .

414 U.S. at 578–79, 94 S.Ct. at 812 (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)). *See also Thomas v. Consolidated Coal Co.*, 380 F.2d 69 (4th Cir.1967); *Bartsch v. Washington Metropolitan Area Transit Commission*, 357 F.2d 923 (4th Cir.1966).

When plaintiff instituted her initial action against Allstate, she sought to have a federal court in Georgia reform the insurance contract and issue an award of additional insurance monies by holding that Georgia law rather than South Carolina law governed the rights of the parties. The court declined the invitation, concluding that South Carolina law controlled the case and that, accordingly, plaintiff had already received all the recovery to which she was entitled. Plaintiff chose not to appeal that decision. Instead, she instituted an action in the South Carolina state court, again seeking reformation of the contract and additional insurance monies. As the district court noted, however, the South Carolina action not only sought the same relief as the prior Georgia action[2] but implicated the same set of material facts as well. Thus, this action clearly constitutes "the same claim" as that brought by plaintiff in Georgia, Restatement (Second) of Judgments introductory note to § 24, and is for that reason barred by the prior adjudication.[3]

Affirmed.

---

2. In this action, plaintiff also seeks attorney's fees. We agree with the district court that this does not affect our disposition of the case.

3. In her brief, plaintiff seems to suggest that the Georgia adjudication may not be given *res judicata* effect because her claim was rejected on summary judgment. It does not surprise us that she fails to cite any legal authority whatsoever to support this strange contention. For purposes of *res judicata,* a summary judgment has always been considered a final disposition on the merits. *See* Restatement (Second) of Judgments § 19 comment g; *Hubicki v. ACF Indus.,* 484 F.2d 519, 524 (3d Cir.1973); *Mitchell v. National Broadcasting Co.,* 553 F.2d 265, 271 (2d

Cir.1977); *Glick v. Ballentine Produce, Inc.,* 397    F.2d 590, 592–93 (8th Cir.1968).