Arthur O. ARMSTRONG, Plaintiff,

v.

KOURY CORPORATION, Defendant.

No. 1:97CV01028.

United States District Court,
M.D. North Carolina,
Durham Division.

June 12, 1998.

Reconsideration Denied June 18, 1998.

the Holiday Inn Four Seasons Hotel and Convention Center. This is Plaintiff's sixth lawsuit alleging civil rights violations, conspiracies, and breach of contract against Defendant based on the expulsions.

## I. Background

Plaintiff's first lawsuit against Defendant was filed in the General Court of Justice, Superior Court Division, Guilford County, North Carolina in December 1995.[1] Plaintiff took a voluntary dismissal without prejudice.

Plaintiff next filed two lawsuits in this court.[2] In the first action, this court granted Defendant's motion for summary judgment. Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed. In the second action, this court granted Defendant's motion to dismiss.

Plaintiff's fourth and fifth lawsuits against Defendant were again filed in Guilford County.[3] Plaintiff took a voluntary dismissal of the fourth action in July 1997. In the fifth action, Plaintiff filed supplemental pleadings against Mo Milani, Matthew Martin, and Bill Jessup, though it is not clear whether Plaintiff served process on these individuals. Nevertheless, the state court granted Defendant's motions to dismiss and for summary judgment, and dismissed Plaintiff's complaint *as supplemented.* Due to the previous judgments entered by this court, the state court sanctioned Plaintiff with costs and attorneys' fees.

Plaintiff's allegations in this sixth lawsuit against Defendant, are nearly identical to those made by Plaintiff in the preceding five lawsuits. The Complaint contains the same allegations that Defendant and its employees discriminated against him when he was expelled from the club.

Plaintiff is a self-proclaimed "black, semi-professional litigator."[4] A brief review of public records bears this out. In addition to

---

Arthur O. Armstrong, Greensboro, NC, pro se.

Laura Deddish Burton, Jonathan Arthur Berkelhammer, Smith Helms Mulliss & Moore, Greensboro, NC, for Defendant.

## MEMORANDUM OPINION

OSTEEN, District Judge.

Plaintiff pro se filed this action seeking to recover for alleged damages arising from his expulsions in November and December 1995 from the Club Fifth Seasons Lounge at

---

1. 95CvS10287.

2. 2:96CV00087 and 2:96CV00089.

3. 97CvS4315 and 7463.

4. M.D.N.C. 2:96CV00087 Amended Complaint ¶ 40.

the six lawsuits brought against Defendant, Plaintiff has filed two lawsuits against the City of Greensboro Police Department.[5] He has filed three other lawsuits against City of Greensboro Police Officers, the latest of which Plaintiff filed despite this court's having already granted judgment in favor of the officers.[6] He has also sued the Duke University Hospital Private Diagnostic Clinic.[7] In Guilford County, Plaintiff has cases pending against his mortgagor[8] and his daughter's auto dealer.[9] In addition, Plaintiff filed 19 separate actions in the United States District Court for the Eastern District of Pennsylvania, the majority of which were appealed to the Third Circuit Court of Appeals.[10] Although prolific, this self-proclaimed, semiprofessional litigator's efforts have proven meritless. The courts and one jury[11] have rejected Plaintiff's many claims. Plaintiff has continued his predatory litigation in the face of sanctions and in disregard of injunctions.

**5.** M.D.N.C. 2:94CV00318 (civil rights case, dismissed); Guilford County 94CvS3107 (civil rights case, complaint withdrawn after defendant's motion to quash summons).

**6.** M.D.N.C. 2:95CV00434 (fraud and conspiracy, dismissed); 2:96CV00855 (civil rights, complaint amended to include Watson and Cooke, dismissed); 2:96CV01335 (conspiracy to violate civil rights versus Watson and Cooke; filed less than one month after court issued judgment in defendant's favor, pending).

**7.** M.D.N.C. 2:95CV00911 (libel, dismissed).

**8.** 97CvS10701 (fraud, deceit, conspiracy, and discrimination).

**9.** 93CvD5312 (fraud, pending in state district court for four years).

**10.** Upon its own initiative, the court has requested and reviewed 19 docket sheets covering Plaintiff's activities in the United States District Court for the Eastern District of Pennsylvania: 2:94CV3544 (civil rights involving Philadelphia Board of Education, dismissed, affirmed on appeal); 2:95CV6501 (civil rights, dismissed, appealed); 2:95CV6642 (civil rights, dismissed); 2:95CV7287 (civil rights, dismissed, Plaintiff sanctioned and prohibited from filing any further lawsuits versus The Budd Company, appealed and affirmed); 2:95CV8042 (civil rights, dismissed, appeal dismissed); 2:96CV4277 (labor relations involving School District of Philadelphia, dismissed); 2:96CV4368 (legal malpractice, diversity jurisdiction, dismissed); 2:96CV5480

## II. Claim Preclusion

The doctrine of claim preclusion bars parties from relitigating actions after a final judgment on the merits has been rendered in a previous action on the same claim. For claim preclusion to apply, a court of competent jurisdiction must have rendered a final judgment on the merits, and the same cause of action and parties must have been involved in the previous action. *Peugeot Motors of America, Inc. v. Eastern Auto Distrib. Inc.*, 892 F.2d 355, 359 (4th Cir.1989). If the same alleged right and wrong are involved in both actions, and if both actions are brought against the same party for the same remedy, the cause of action is the same. *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 488 (4th Cir.1981). In addition to barring relitigation of claims raised in a previous action, claim preclusion also bars any claims that could have been raised during the previous action. *Peugeot*, 892 F.2d at 359.

In *Armstrong v. Koury*, 2:96CV00087,[12] Plaintiff originally alleged

(fraud, diversity jurisdiction involving School District of Philadelphia, dismissed); 2:96CV5740 (civil rights involving School District of Philadelphia, dismissed, affirmed on appeal with order enjoining Plaintiff from filing further lawsuits against School District of Philadelphia); 2:96CV5925 (libel, assault, slander, diversity jurisdiction involving School District of Philadelphia, dismissed, affirmed on appeal); 2:97CV393 (civil rights, dismissed); 2:97CV3887 (personal injury, diversity jurisdiction involving The Budd Company, dismissed and Plaintiff sanctioned for violating previous court order); 2:97CV6007 (legal malpractice, diversity jurisdiction, pending); 2:97CV6124 (civil rights, dismissed); 2:97CV6130 (civil rights involving School District of Philadelphia, Plaintiff filed one month after being enjoined from filing further lawsuits against the defendant, pending); 2:97CV6178 (civil rights involving School District of Philadelphia, filed two months after injunction, pending); 2:97CV6308 (libel, assault, slander, diversity jurisdiction, dismissed); 2:97CV6944 (civil rights, dismissed); 2:98CV154 (fraud, diversity jurisdiction, pending). The court has not inquired into other federal districts or state venues. Defendant has provided the following Third Circuit Court of Appeals dockets: 96–1271, 96–1415, 96–1041, 96–1028.

**11.** Guilford County 93CvS4181 (negligence, jury verdict for defendant, appeal dismissed).

**12.** In October 1995, this court entered an order substituting "Koury Corporation" for "Holiday Inn" as the named defendant.

claims under 42 U.S.C. §§ 1983 and 1985(3). This court dismissed the claims but held that the Complaint, liberally construed, may state a claim under 42 U.S.C. § 1981. Defendant thereafter moved for summary judgment. This court granted the motion finding that Defendant had met its burden of demonstrating that its reasons for expelling Plaintiff from its club were legitimate rather than pretextual. This court then held that Plaintiff had failed to come forward with evidence to overcome Defendant's showing. Accordingly, summary judgment was granted. The United States Court of Appeals for the Fourth Circuit affirmed the dismissal. Summary judgment constitutes final judgment on the merits for purposes of claim preclusion. *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 n. 3 (4th Cir.1984).

■■■■ In the second federal court action against Koury Corporation, this court granted Defendant's motion to dismiss for, among other reasons, failure to state a claim upon which relief could be granted. *Armstrong v. Holiday Inn*, 2:96CV00089. Dismissal of an action under Rule 12(b)(6) of the Federal Rules of Civil Procedure operates as a final adjudication on the merits. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir.1991).

Plaintiff argues that the previous judgments involved Koury Corp. whereas this case is filed against "Koury Corp. et al." Such distinction is meritless. Plaintiff next attempts to argue that this action is really against Mo Milani, Matthew Martin, and Bill Jessup, all of whom are or were Koury Corp. employees. This argument thrice fails. First, no summons has been issued for such individuals. Second, nothing in the record evidences that Plaintiff has served any form of notice on these individuals. Third, even if these employees were properly before the court, issue preclusion bars Plaintiff's

claims.[13] Where Plaintiff has received judgment on the merits against the principle, he is estopped from relitigating the identical facts and issues against the principle's agents. *See Parklane Hosiery v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (mutuality of parties not required for defensive issue preclusion).

This action involves the same facts, parties, and legal claims for which this court has already issued two judgments. This is also the same action for which the Guilford County Superior Court issued an opinion, judgment, and sanctions. Based upon this court's review of Plaintiff's litigation history, the court finds that Plaintiff has been exposed several times to concepts of final judgment and claim preclusion. Despite such knowledge and indifference to state court imposed sanctions for attempting to further pursue these allegations against Defendant, Plaintiff pursued this his sixth action. The court will grant Defendant's motion.

### III. Sanctions and Injunction

In November 1997, Defendant filed a motion for sanctions and an injunction against Plaintiff. Plaintiff was served a copy of the motion and accompanying brief. In December 1997, Plaintiff filed a Supplementary Complaint "in Response in Opposition to Defendants' Motion for Sanction...." (Supplementary Compl., at Certificate of Service.) The court finds that Plaintiff has been given notice and an opportunity to be heard on the issues of sanctions and injunctions. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir.1989) (requirement of notice and opportunity to be heard before enjoining access to courts).

#### A. Sanctions

■■■■ Deterrence and prevention of litigation abuse are key policies underlying Rule 11 sanctions.[14] *See Ballentine v. Taco Bell*,

---

**13.** Issue preclusion estoppes a party from relitigating an issue that he had litigated on the merits in a prior lawsuit and lost. *See* Restatement (Second) of Judgments § 27 (1982).

**14.** Rule 11(b) provides in relevant part as follows:

By presenting to the Court (whether by signing, filing, submitting, or later advocating) a

pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

135 F.R.D. 117 (E.D.N.C.1991) (The primary purpose of Rule 11 is deterrence of litigation abuse.). Sanctions are appropriate when actions are filed for improper purposes. Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers. *Pavilonis v. King*, 626 F.2d 1075, 1078 (1st Cir.1980).

■ Despite having fully litigated this matter all the way to the Fourth Circuit Court of Appeals and having been sanctioned by the state court for persisting against Defendant, Plaintiff nevertheless filed and proceeded with this lawsuit. Defendant has been forced to respond to this lawsuit, as well as five others, and file several motions. There is absolutely no factual or legal basis for Plaintiff's conduct and sanctions are appropriate.

Plaintiff, though appearing pro se, is not appearing in forma pauperis. He, apparently, is financially responsible. This court will not allow Plaintiff to continue harassing and causing economic harm to Koury Corporation. Plaintiff has significant litigation experience. The court finds that Plaintiff's purpose for filing this action was to continue a pattern of harassment, and that Plaintiff's legal arguments are frivolous and lack evidentiary support. Accordingly, the court deems it appropriate to sanction Plaintiff in the form of Defendant's costs and attorneys' fees. The court will enter an order directing Defendant to submit evidence of its costs and fees.

## B. Injunction

■ The All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to restrict access to federal courts of parties who repeatedly file frivolous litigation. *Abdul–Akbar v. Watson*, 901 F.2d 329, 332 (3rd Cir.1990); *see In re Burnley*, 988 F.2d 1 (4th Cir.1992) (recognizing district court's power to impose limits upon those who abuse the judicial system). Further, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin–Trigona*, 737 F.2d 1254, 1261 (2nd Cir.1984). There are no exceptions for pro se litigants. *Mallon v. Padova*, 806 F.Supp. 1189 (E.D.Pa.1992).

■ The court is given substantial discretion to craft appropriate sanctions, and an injunction from filing any further actions is an appropriate sanction to curb groundless, repetitive, and frivolous suits: "A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." *Lysiak v. Commissioner of Internal Revenue*, 816 F.2d 311, 313 (7th Cir.1987); *see also Pavilonis*, 626 F.2d at 1079 (injunction pertaining to all pleadings and future lawsuits); *Gordon v. United States Dep't of Justice*, 558 F.2d 618 (1st Cir.1977) (enjoining continuing, instituting, or prosecuting, without prior leave of court, any legal proceeding in any court); *Hilgeford v. Peoples Bank, Inc.*, 652 F.Supp. 230 (N.D.Ind.1986) (enjoining any filings or proceedings in any federal court).

■ In this instance, Plaintiff has filed six repetitive and frivolous lawsuits against Defendant. Plaintiff pursued this sixth action despite being sanctioned in the fifth. This conduct easily rises to the level of litigation abuse that warrants the entry of an injunction. By the time Plaintiff had filed his second lawsuit against Defendant, this "Court [found] that plaintiff is abusing [his] privilege.... This further substantiates a pattern of abusive litigation by plaintiff." (Order, 2:96CV00087 at 2, Mar. 28, 1996.) Since this admonition, Plaintiff has filed four additional actions against Defendant based on the same allegations and has been sanctioned by the state court. Plaintiff's repetitive and abusive conduct will not be tolerated.

---

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support.... 

Upon a violation of this Rule, the court "may impose ... an appropriate sanction." Rule 11(c).

Plaintiff's litigation record warrants concern. The imposition of financial penalties and injunctions has not protected the court or Plaintiff's opponents from Plaintiff's abusive litigating. Federal courts nave two times enjoined and sanctioned Plaintiff from filing suit against certain defendants. In both circumstances, Plaintiff simply disregarded the injunctions. From this court's perspective on state proceedings in Guilford County, the court also finds that Plaintiff habitually prances between the state and federal court systems to pursue defendants. Plaintiff's conduct constitutes an intolerable abuse of judicial process and evidences a pattern of parasitical harassment. Accordingly, this court will design a remedy that will end Plaintiff's "semi-professional" litigiousness, and protect both Defendant and the federal judiciary from Plaintiff's malicious and contumacious behavior, while leaving Plaintiff opportunity for legitimate litigation.

Since Plaintiff has a demonstrated propensity to initiate litigation despite injunctions to the contrary, the court will enjoin Plaintiff from access to the federal court system without prior leave of court. Given Plaintiff's propensity to prance between the state and federal systems, the court will also enjoin Plaintiff from pursuing Defendant further in the state court system. *See In re Martin–Trigona,* 737 F.2d at 1263 (defendants subjected to vexatious litigation in federal courts entitled to protection against other actions in state court). Specifically, the court will enter an order that will:

Enjoin Plaintiff, or anyone acting on his behalf, from filing any action in any court, state or federal, against Koury Corporation, or any agent, employee, or assignee of Koury Corporation, without first obtaining leave of court;

Enjoin Plaintiff, or anyone acting on his behalf, from filing any new action or proceeding in any federal court, without first obtaining leave of that court;

Enjoin Plaintiff from filing any further papers in the Middle District of North Carolina, without first obtaining leave of court;

Since Plaintiff has disregard injunctions, the court finds it likely Plaintiff will attempt to ignore this court's action. The court will order the clerk of this court to refuse to accept any submissions for filing except petitions for leave of court, unless such filings are accompanied by an order of this court granting leave. In the event that Plaintiff succeeds in filing papers in violation of this order, upon such notice, the clerk of court will, under authority of this court, immediately and summarily strike the pleading or filings;

Leave of court will be forthcoming upon Plaintiff's demonstrating through a properly filed motion, pursuant to Local Rule 7, MDNC, that the proposed filing: (1) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure; (2) is not barred by principles of issue or claim preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Rule 11 of the Federal Rules of Civil Procedure. The order and injunction will not apply to the filing of timely notices of appeal from this court to the Court of Appeals and papers solely in furtherance of such appeals for this case (1:97CV01028);

Order the clerk of court to file and enter into the docket this memorandum opinion, order and injunction and provide a copy of same to all parties in each case against whom Plaintiff has actions pending in this district;

The court will direct the clerk of court to provide a copy of this memorandum opinion, order and injunction to the clerk of court for the United States District Court for the Eastern District of Pennsylvania;

The court will further order the clerk of court for the Middle District of North Carolina to enter into the record the nineteen (19) docket sheets from the Eastern District of Pennsylvania set out in footnote 10 of this *memorandum opinion.*

The court will grant Defendant's motion for sanctions in the form of costs and attorneys' fees and will direct Defendant to submit evidence of reasonable costs and fees.

The court will grant Defendant's Motions to Dismiss and for Summary Judgment. All remaining motions will be denied.

An order and injunction in accordance with this memorandum opinion will be filed contemporaneously herewith.

## ORDER AND INJUNCTION

In accordance with the memorandum opinion filed contemporaneously herewith, the court enters the following orders and injunctions:

The court **GRANTS** Defendant Koury Corporation's Motions Dismiss and for Summary Judgment [3].

The court **GRANTS** Defendant's Motion for Sanctions in the form of costs and attorneys' fees. Defendant has until June 26, 1998, at 12 noon, to submit evidence of costs and attorneys' fees. Plaintiff has until July 10, 1998, at 12 noon, in which to respond.

To protect the courts, this named Defendant, and any potential defendants from the harassment of frivolous and vexatious litigation initiated by Plaintiff, the court issues the following injunctions:

1. The court enjoins Plaintiff, or anyone acting on his behalf, from filing any action in any court, state or federal, against Koury Corporation, or any agent, employee or assignee of Koury Corporation, without first obtaining leave of this court [16];

2. The court enjoins Plaintiff, or anyone acting on his behalf, from filing any new action or proceeding in any federal court, without first obtaining leave of that court;

3. The court enjoins Plaintiff from filing any further papers in any case, either pending or terminated, in the Middle District of North Carolina, without first obtaining leave of court.

Since Plaintiff has disregard injunctions, the court finds it likely Plaintiff will attempt to ignore this court's action; therefore,

The court **ORDERS** the clerk of this court to refuse to accept any submissions for filing except petitions for leave of court, unless such filings are accompanied by an order of this court granting leave. In the event that Plaintiff succeeds in filing papers in violation of this order, upon such notice, the clerk of court shall, under authority of this court order, immediately and summarily strike the pleadings or filings.

Leave of court shall be forthcoming upon Plaintiff's demonstrating through a properly filed motion, pursuant to Local Rule 7, MDNC, that the proposed filing: (1) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure; (2) is not barred by principles of issue or claim preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Rule 11 of the Federal Rules of Civil Procedure.

The court **ORDERS** Plaintiff to attach a copy of this order and injunction to any such motion for leave of court.

This order does not apply to the filing of timely notices of appeal from this court to the Court of Appeals and papers solely in furtherance of such appeal.

The court **ORDERS** the clerk of court to file and enter into the docket this memorandum opinion, order and injunction and provide a copy of same to all parties in each case against whom Plaintiff has actions pending in this district;

The court **ORDERS** the clerk of court for the Middle District of North Carolina to provide a copy of the accompanying memorandum opinion, order and injunction to the clerk of court for the United States District Court for the Eastern District of Pennsylvania.

The court **ORDERS** the clerk of court for the Middle District of North Carolina to enter into the record the nineteen (19) docket sheets from the Eastern District of Pennsylvania set out in footnote 10 of the accompanying memorandum opinion.

The court **DENIES** Plaintiff's motions for summary judgment [7, 11].

The court **DENIES** Plaintiff's Motion to Amend Plaintiff's Complaint [9].

The court **DENIES** Plaintiff's Request [for] Leave to Delete Koury Corporation [20].

The court **DENIES** any remaining motions not specifically mentioned herein. Judgment will be entered after the court determines

Defendant's reasonable attorneys' fees and costs.