**Stanley Lorenzo WILLIAMS,**
**Petitioner,**

v.

**Superintendent Sidney HARKLEROAD**
**and Secretary of Corrections, Theodis**
**Beck, Respondents.**

**No. 1:03CV299.**

United States District Court,
M.D. North Carolina.

July 22, 2011.

Stanley Lorenzo Williams, Tabor City, NC, pro se.

Sandra Wallace–Smith, N.C. Department of Justice, Raleigh, NC, for Respondent.

### MEMORANDUM ORDER
### AND INJUNCTION

THOMAS D. SCHROEDER, District Judge.

On October 15, 2009, the United States Magistrate Judge entered a Text Order denying Petitioner's "Post–Motion for an Order to Recall the Judgment/And a Request for an Evidentiary Hearing" ("Motion") (Doc. 127). Petitioner filed objections "[p]ursuant to Rule 72(a) of the Federal Rules of Civil Procedure," requesting that the court "vacate, modify or set aside [the Magistrate Judge's] order to enter one that which [sic] is not clearly erroneous and contrary to law." (Doc. 144.)

The court has reviewed the objections under the Rule 72(a) standard and finds that the Magistrate Judge's Text Order is not clearly erroneous or contrary to law.

Out of an abundance of caution and in an effort to put an end to the continuing challenges in this case, the court has alternatively considered the portion of the Motion seeking to "Recall the Judgment" as a potentially dispositive matter and conducted a *de novo* determination, which is in accord with the Magistrate Judge's Text Order.[1] The court will affirm and adopt the Magistrate Judge's Text Order.

## I. BACKGROUND

Petitioner has a lengthy history of litigiousness in this district, having filed a multitude of actions seeking post-conviction and other relief stemming from his convictions and sentences imposed for multiple offenses for drug crimes and his treatment as an habitual felon.[2]

Petitioner filed the present action on April 2, 2003, challenging his September 3, 1999, convictions in North Carolina state court (Cabarras County Superior Court) for possession with intent to sell and deliver cocaine and being an habitual felon in case numbers 98–CRS–2037 and 98–CRS–2930, respectively. (Doc. 1 at 1.) Pertinent here, on July 30, 2004, the Magistrate Judge granted Petitioner's request to amend the petition (Doc. 16) and recommended that "petitioner's sentence in the cases of *State v. Williams*, 98–CRS–2037 and 2930, ordered September 3, 1999, be vacated and set aside." (Doc. 29.) Neither party objected, and on September 1, 2004, this court adopted the Recommendation and ordered that Petitioner's sentence in *State v. Williams*, 98–CRS2037 and 98–CRS–2930, be vacated and set aside and

1. The "Judgment" Petitioner seeks to recall is this court's September 1, 2004 Order and Judgment (Doc. 33). (Doc. 127 at 7.)

2. *Williams v. Walker*, Case No. 1:00cv252 (dismissed for failure to file on proper forms and provide IFP application or filing fee); *Williams v. Walker*, Case No. 1:00cv326 (dismissed), *appeal dismissed* (Docs. 22, 24); *Williams v. Walker*, Case No. 1:00cv393 (dismissed for failure to exhaust remedies), *appeal dismissed* (Docs. 33, 34); *Williams v. Sharp*, Case No. 1:02cv14 (dismissed), *aff'd* (Doc. 126); *Williams v. Harkleroad*, Case No. 1:02cv1030 (dismissed for failure to file IFP application or filing fee); *Williams v. Harkleroad*, 1:02cv1100 (dismissed for failure to provide filing fee); *Williams v. Harkleroad*, Case No. 1:03cv41 (dismissed as successive), *appeal dismissed* (Docs. 15, 17, 18); *Williams v. Harkleroad*, Case No. 1:03cv77 (dismissed because of defects of petition); *Williams v. Harkleroad*, Case No. 1:03cv206 (dismissed for failure to pay filing fee, after denying IFP status); *Williams v. Griffin*, Case No. 1:03cv218 (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)), *appeal on merits dismissed as frivolous* (Docs. 15, 16), and *appeal of Rule 60(b) denial affirmed* (Doc. 24); *Williams v. Harkleroad*, Case No. 1:03cv299 (granting habeas relief), *appeal dismissed* (Docs. 82, 83); *Williams v. Wood*, Case No. 1:05cv481 (dismissed as successive), *appeal*

*dismissed* (Doc. 20); *Williams v. Wood*, Case No. 1:06cv750 (dismissed for failure to exhaust in part and on the merits), *appeal dismissed* (Doc. 30); *Williams v. Smith*, Case No. 1:07cv585 (dismissed with leave to file action containing only claims relating to petitioner's 2007 re sentencing or such additional claims as have been allowed by the Fourth Circuit Court of Appeals); *Williams v. Smith*, Case No. 1:07cv757 (dismissed following grant of summary judgment against Petitioner), *appeals dismissed* (Docs. 49, 50, 52, 53) (*but see* Doc. 60 (notice of appeal filed after court reopened appeal period)); *Williams v. Smith*, Case No. 1:07cv828 (dismissed), *appeal dismissed* (Docs. 39, 40); *Williams v. Beck*, Case No. 1:08cv492 (dismissed as improper coram nobis petition), *appeal dismissed* (Docs. 19, 20, 21, 30). *See also Williams v. Canaday*, Case No. 1:98cv980 (prisoner civil rights action) (dismissed for failure to file on proper forms); *Williams v. Canaday*, Case No. 1:99cv605 (same) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)), *aff'd* (Docs. 19, 22); *Williams v. Rogers*, Case No. 1:03cv374 (same) (dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous or malicious or for failing to state a claim upon which relief may be granted), *appeal dismissed* (Doc. 15) and *aff'd* (Docs. 24, 26).

that Petitioner be unconditionally released from custody unless, within 120 days, he was re-sentenced to not more than 84 to 110 months of imprisonment in accordance with N.C. Gen.Stat. § 15A–1335. (Doc. 33 ("September 1, 2004 Order and Judgment").)

On November 18, 2004, Respondents filed a Certificate of Compliance evidencing that Petitioner was timely re-sentenced to 70 to 93 months of imprisonment in *State v. Williams*, case numbers 98–CRS–2037 and 98–CRS–2930. (Doc. 35.)

Beginning the next month, December 2004, Petitioner began a non-stop effort to attack his re-sentencing, with many such filings captioned as an "emergency." Petitioner claims that the State erred in re-sentencing him and continues to hold him unconstitutionally because, he contends, this court ordered him to be released "unconditionally." Petitioner relies on a misreading of this court's September 1, 2004 Order and Judgment, which ordered unconditional release only if Petitioner was not re-sentenced in accord with the court's directives, which he has been.

The court has advised Petitioner of his misreading of this court's decision on multiple occasions since January 2005. The court has made clear to him that his habeas petition in this case specifically challenged—and this court's September 1, 2004 Order and Judgment specifically applied only to—the sentences in case numbers 98–CRS–2037 and 98–CRS–2930 and not Petitioner's other state convictions and sentences not part of this habeas action.[3] (*See, e.g.,* Docs. 44 (Magistrate Judge), 55 (Magistrate Judge), 59 (affirming and adopting Magistrate Judge's Recommended Ruling in Doc. 55), 62 (Magistrate Judge), 65 (Magistrate Judge), 66 (affirming and adopting Magistrate Judge's Recommended Ruling in Doc. 62), 72 (order denying Petitioner's Rule 60(b) motion as "just one more in a series of motions petitioner has filed requesting the Court to review other state court convictions not at issue in this case"), 105 (Magistrate Judge) ("These motions are yet another series and continuation of the frivolous series of motions Petitioner has filed seeking to relitigate this matter."), 112 (describing Peti-

---

**3.** Petitioner says he is confused as to why the Magistrate Judge would state in his Recommendation (Doc. 29) that "the ruling in this case has no applicability to Petitioner's other action or actions filed in this Court." (Doc. 129 at 3.) The Magistrate Judge made this clear in that Recommendation, noting that Petitioner had even at that time begun to raise challenges to other sentences not a part of this habeas action. (Doc. 29 at 3 n. 1.) The Magistrate Judge noted that the sentences for those other convictions were not before the court *in this action*, and that the court therefore took no position on the merits of Petitioner's arguments as to those other sentences. (*Id.*) To restate for the last time, this court decides only issues raised before it in the petition. In this case, the petition, as amended, raised only the sentencing for the two convictions in cases bearing numbers 98 CRS 2037 and 98 CRS 2930. This court's September 1, 2004 Order and Judgment decided only the sentencing in these two cases. It was for

this very reason that when Petitioner challenged his 2007 re sentencing (which involved a different conviction), the court directed him to file a separate action, which he did. And this court has independently decided that action. Moreover, Petitioner seems to disregard the doctrine of claim preclusion. Simply stated, when any litigant files an action, he is required to raise all proper challenges available at the time; and once the court finally decides the action, the litigant will be precluded from attacking the decision on different grounds that he could have raised at the time. Otherwise, there would be no finality to a court's decision. Here, for example, Petitioner's Motion raises challenges to his 2007 re sentencing that could have been raised in his independent action challenging that sentence: case no. 1:07cv757. He cannot raise them here, and he cannot raise them for the first time in any other case in which a final decision has been entered.

tioner's continuing motions as "frivolous"); *cf.* Doc. 95 (finding Petitioner's motions frivolous); June 3, 2009 Magistrate Judge text order ("This case leads credence to the street-corner aphorism that no good deed goes unpunished. Despite having obtained habeas relief in this court, Petitioner continues to file pleadings in this case that other judges have called frivolous, and which have resulted in a waste of scarce judicial resources.").)

Between this court's September 1, 2004 Order and Judgment granting habeas relief and the filing of the present motion (Doc. 127), Petitioner filed no fewer than 31 motions or requests demanding immediate release, temporary and permanent injunctions, depositions, reconsideration, and evidentiary hearings, among other relief. The court has considered and ruled on each of these, denying them all in Orders dated May 24, 2005; May 25, 2005; June 27, 2005; August 3, 2005; August 17, 2005; April 20, 2006; May 26, 2006; October 31, 2007; November 15, 2007; January 30, 2008; and June 24, 2008. (Docs. 65, 66, 69, 72, 73, 77, 92, 95, 105, 108, 112, 121, 123.) Indeed, in the May 26, 2006 Order, Judge Frank Bullock, Jr., warned Petitioner that his motions were "frivolous" and that "This case is closed." (Doc. 95.) However, the motions have continued unabated, and all have been frivolous.

Subsequent to Petitioner's filing of the present motion, he filed 22 motions and/or objections in an effort to continue to challenge his incarceration. On more than one occasion when his motions were denied in this or in a related case, Petitioner moved to recuse the judge on unfounded grounds.

(*See* Doc. 114 (charging that the "office is being used to promote discrimination"); *see also* Doc. 17 in *Williams v. Beck,* Case No. 1:08cv492 (M.D.N.C.) (same); Doc. 35 in *Williams v. Smith,* Case No. 1:08cv828 (M.D.N.C.) (same).)

## II. ANALYSIS

Petitioner's present Motion asserts yet again that he was not re-sentenced in accord with the September 1, 2004 Order and Judgment. He contends now that a February 8, 2007 re-sentencing ("2007 re-sentencing") in a *different* state court case violated this court's directive because it occurred after the 120–day deadline this court set for compliance. (Doc. 127 at 2–3.) Consequently, he demands an evidentiary hearing.

Petitioner's motion is meritless.

The 2007 re-sentencing occurred in a case involving a North Carolina conviction different from the two offenses underlying the present habeas action, resulted from a decision of the North Carolina Court of Appeals in that separate case,[4] and was not a re-sentencing required by this court's September 1, 2004 Order and Judgment. Petitioner's claim that the 2007 re-sentencing in that state court action violated the 120–day period set in this court's prior Order and Judgment is, therefore, without merit.[5]

This is not the first time Petitioner has asserted violations stemming from the 2007 re-sentencing. He previously made these same arguments in this very case, and the court rejected them. (*See* Docs. 96, 97, 98, 99, 104 (including his arguments

---

4. *See State v. Williams,* 180 N.C.App. 477, 637 S.E.2d 307 (2006) (table) (remanding to trial court for re sentencing in case number 97–CR–9849).

5. The court notes that his 14–17 month sentence from the 2007 re sentencing, when add-

ed to his sentence from his re sentencing in the present case, nevertheless falls within the range (84 to 110 months) this court ordered for re sentencing in its September 1, 2004 Order and Judgment. (*See* Doc. 33.)

that the State of North Carolina misinformed the court as to compliance with the court's order, that the record should be expanded to include the transcript of the February 8, 2007 re-sentencing, and that the State of North Carolina failed to comply with the September 1, 2004 Order and Judgment based on the 2007 re-sentencing); Doc. 108 (order affirming and adopting Magistrate Judge's order (Doc. 105) denying Petitioner's motions).) [6]

Petitioner also challenged the 2007 re-sentencing directly in a separate habeas petition, although on grounds different from those asserted here.[7] (Doc. 2 in *Williams v. Smith,* Case No. 1:07cv757 (M.D.N.C.).) This court granted summary judgment against Petitioner and denied the habeas corpus petition (*id.* Docs. 37, 38), having affirmed and adopted the Magistrate Judge's Recommendation (*id.* Doc. 28). Petitioner's appeal is currently before the Fourth Circuit Court of Appeals.[8]

Petitioner complains that the Magistrate Judge's Text Order is "vague and gave no reasons or ground for its [the Motion's] denial." (Doc. 144 at 2.) This is indicative of the vexatious nature of Petitioner's repetitive filings. His claims were fully reviewed and denied in the November 15, 2007 Order (Doc. 108) and the Magistrate Judge's related October 31, 2007 Order (Doc. 105). Further explanation by the Magistrate Judge in light of the history of this case is unnecessary. Petitioner's lack of satisfaction with the results fails to justify his never-ending attempts to re-litigate the issue.

## III. INJUNCTION

Petitioner's constant filing of motions after this case was closed and after appeals were exhausted constitutes contumacious conduct and wastes judicial resources which should be dedicated to other litigants who are awaiting resolution of their cases. Here, Petitioner has filed 35 mo-

---

6. These prior motions make all the more vexatious Petitioner's contention in his present Motion that although the re sentencing occurred two years after this case was closed, it constitutes "new facts" not available at the time of the September 1, 2004 Order and Judgment. (Doc. 127 at 67.)

7. Petitioner brought an additional habeas petition in 2006 for case numbers 98–CRS–2930 and 98–CRS–2037 with respect to the October 27, 2004 re sentencing undertaken pursuant to the September 1, 2004 Order and Judgment. That action was dismissed without prejudice for Petitioner's failure to exhaust state court remedies. (Docs. 2 & 20, *Williams v. Wood,* Case No. 1:06CV750 (M.D.N.C.).) Petitioner also filed an action regarding the October 27, 2004 re sentencing based on arguments related to an alleged failure of representation on re sentencing. This court dismissed the petition. (Doc. 32, *Williams v. Smith,* Case No. 1:07CV828 (M.D.N.C.).) Despite receiving no relief at the Fourth Circuit Court of Appeals (*id.* Docs. 39, 40, 42, 43) and illustrating Petitioner's obstinance, Petitioner subsequently filed

a motion and objections in that action (*id.* Docs. 44, 45). Petitioner, in yet another action, filed a "Petition for Writ of Error Coram Nobis" which also alleged the State of North Carolina's noncompliance with the September 1, 2004 Order and Judgment with respect to the 2007 re sentencing. (Doc. 1, Case No. 1:08CV492 (M.D.N.C.).) Although the action was dismissed by the court on procedural grounds (*id.* Docs. 13, 14) and Petitioner obtained no relief before the Fourth Circuit Court of Appeals (*id.* Docs. 19, 20, 21, 30, 31), Petitioner continues to file motions in that action (*id.* Docs. 23, 24, 27, 28, 33, 34).

8. The Fourth Circuit Court of Appeals dismissed Petitioner's initial appeal for lack of jurisdiction because the notice of appeal was not filed timely. (*See Williams v. Smith,* Case No. 1:07cv757 (M.D.N.C.), Docs. 52, 53, 58.) Petitioner subsequently filed an "Amended Rule 60 Motion" (*id.* Doc. 54), which this court construed as a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6) and granted (*id.* Doc. 59.)

tions (sometimes described as "requests") after the case was declared closed and 30 motions after the Fourth Circuit Court of Appeals disposed of his appeal on January 3, 2006 (Docs. 82 (denying review of Petitioner's Rule 60 motion), 83 (related judgment)). It is time that Petitioner's vexatious filings come to an end.

■ Under the All Writs Act, 28 U.S.C. § 1651(a), district courts may restrict access to parties who repeatedly file frivolous litigation. *In re Burnley,* 988 F.2d 1, 3–4 (4th Cir.1992); *Abdul–Akbar v. Watson,* 901 F.2d 329, 332 (3d Cir.1990). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984). Pro se litigants, like Petitioner, enjoy no exception to these rules. *See Mallon v. Padova,* 806 F.Supp. 1189 (E.D.Pa.1992).

As noted previously by this court:

The court is given substantial discretion to craft appropriate sanctions, and an injunction from filing any further actions is an appropriate sanction to curb groundless, repetitive, and frivolous suits: "A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." *Lysiak v. Commissioner of Internal Revenue,* 816 F.2d 311, 313 (7th Cir.1987); *see also Pavilonis [v. King],* 626 F.2d [1075] at 1079 [1st Cir.1980] (injunction pertaining to all pleadings and future lawsuits); *Gordon v. United States Dep't of Justice,* 558 F.2d 618 (1st Cir.1977) (enjoining continuing, instituting, or prosecuting, without prior leave of court, any legal proceedings in any court); *Hilgeford v. Peoples Bank, Inc.,* 652 F.Supp. 230 (N.D.Ind.1986) (enjoining

any filings or proceedings in any federal court).

*Armstrong v. Koury Corp.,* 16 F.Supp.2d 616, 620 (M.D.N.C.1998), *aff'd,* 168 F.3d 481 (Table), 1999 WL 11298 (4th Cir.1999) (per curiam).

■ Here, Petitioner's multiple motions pressing for the same result—even though the court has already considered the issues and denied the motions—are repetitive, harassing, and abusive. Such conduct appears to be a hallmark of Petitioner's litigation strategy. (*See Williams v. Walker,* Case No. 1:00cv326 (M.D.N.C.) (13 motions/requests/applications filed after case closed); *Williams v. Beck,* Case No. 1:08cv492 (M.D.N.C.) (9 motions/requests filed after case closed).)

Petitioner's conduct warrants the entry of an injunction. The court will therefore enjoin Petitioner from filing any further motions or materials in this case without first obtaining leave of court. The court will order the Clerk of Court to refuse to accept any submissions from Petitioner for filing unless such filings are accompanied by an Order of this court granting leave. In the event that Petitioner succeeds in filing papers in violation of this Order, upon such notice, the Clerk of Court will, under the authority of this court, immediately and summarily strike the pleadings or filings.

Leave of court will be forthcoming upon Petitioner's demonstration through a properly filed motion, pursuant to Local Rules 7.1 and 7.3, M.D.N.C., that the proposed filing (1) is supported by the Federal Rules of Civil Procedure and statutory, constitutional, and/or other legal authority, (2) is not barred by principles of issue or claim preclusion, (3) is not repetitive or violative of a court Order, and (4) complies with Federal Rule of Civil Procedure 11 (which requires, among other things, that

the filing is not presented for any improper purpose (such as to harass), contains contentions warranted by existing law or a nonfrivolous argument for its extension or modification, and asserts facts that have or likely will have evidentiary support). This court's Order and injunction will not apply to the filing of timely notices of appeal from this court to the Fourth Circuit Court of Appeals or to papers filed solely in furtherance of such appeals for this case.

In order to facilitate the entry of this injunction, the court has engaged in a *de novo* review of all pending motions in this action, including motions on which the Magistrate Judge has ruled and Petitioner objected as well as those on which no ruling has been made. The court finds the motions to be without merit. Accordingly, all pending motions will be denied.

## IV. CONCLUSION

For the reasons set forth herein, the court affirms and adopts the Magistrate Judge's October 15, 2009 Text Order.

IT IS THEREFORE ORDERED that Petitioner's "Post–Motion for an Order to Recall the Judgment/And a Request for an Evidentiary Hearing" (Doc. 127) is DENIED.

IT IS FURTHER ORDERED that to protect against frivolous and vexatious motions and filings, and except as noted herein, Petitioner, and anyone acting on his behalf, is enjoined permanently from filing any motions or filings in this action without first obtaining leave of this court.

IT IS FURTHER ORDERED that the Clerk of Court shall note this injunction prominently on the docket sheet of this case.

IT IS FURTHER ORDERED that the Clerk of Court shall refuse to accept any submissions from Petitioner for filing in this case unless such filings are accompanied by an Order of a United States District Judge or Magistrate Judge of this court granting leave. In the event that Petitioner succeeds in filing papers in violation of this Order, upon such notice, the Clerk of Court will, under the authority of this court, immediately and summarily strike the pleadings or filings. Leave of court will be forthcoming upon Petitioner's demonstration through a properly filed motion, pursuant to Local Rules 7.1 and 7.3, M.D.N.C., that the proposed filing (1) is supported by the Federal Rules of Civil Procedure and statutory, constitutional, and/or other legal authority, (2) is not barred by principles of issue or claim preclusion, (3) is not repetitive or violative of a court Order, and (4) complies with Federal Rule of Civil Procedure 11.

IT IS FURTHER ORDERED that this court's Order and injunction shall not apply to the filing of timely notices of appeal from this court to the Fourth Circuit Court of Appeals or to papers filed solely in furtherance of such appeals for this case.

IT IS FURTHER ORDERED that all remaining, outstanding motions and objections in this action not ruled upon (including Docs. 128, 129, 148, 149, 152, 153, 154, 159, 160, 164, 165) are DENIED.

The court finds that as to its denial of the Motion (Doc. 127) and all remaining, outstanding motions, there is no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling. Therefore, a certificate of appealability is not issued.